[Civil No. 658.   Filed June 2, 1899.]

[57 Pac. 622.]

C. A. STEVENS et al., Defendants and Appellants, v. ABBIE E. WADLEIGH, Plaintiff and Appellee.

1. LANDLORD AND TENANT—LEASE—IRRIGATION—FAILURE TO DELIVER WATER—DEFENSE.—An answer, in an action for rent, based upon a lease of land and water-rights, with covenants for peaceable possession, setting up that the right to the use of water was a

material part of the lease, and that plaintiff had failed and refused to deliver the water, is insufficient, without an allegation that the lessor agreed or bound himself to deliver the water, or that he failed in his title to the water, or to defend the lessee in the right, under the agreement, to the use of water for irrigation purposes.

2. SURETIES — CONTRACTS — REFORMATION — INNOCENT PURCHASERS.— Where sureties upon a bond to secure payment of rent admitted that they signed the bond knowing the contents thereof, and that they permitted it to remain unchanged until after the property and bond were sold to an innocent purchaser, and conceded that under the terms thereof they were liable for the rent to the amount of the bond, they will not be permitted, as against the interests of the purchaser, to have the bond reformed so as to limit their responsibility to guaranteeing the payment of rent to the amount expressed in the bond.

3. JUDGMENTS—DIFFERENT CAUSE OF ACTION—CONCLUSIVENESS.—A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties, or their privies, though the second suit be for a different cause of action, so long as the judgment in the first suit remains unmodified.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

C. W. Wright, for Appellants.

Frank H. Hereford, for Appellee.

DOAN, J.—On the eighteenth day of April, 1890, one G. H. Wadleigh, in Tucson, Pima County, Arizona, by a written agreement duly executed, leased certain real and personal property to C. A. Stevens, a defendant and one of the appellants in this case, for the term of five years, at an agreed rental of three thousand dollars, to be paid in installments at the rate of fifty dollars per month during the continuance of the lease, and agreed and bound himself, his executors and assigns, to warrant and defend the said lessee in the peaceable and quiet possession of the said premises and property, and every part thereof, during the term of said lease, and in

default thereof bound himself and assigns to the said lessee or assigns in all damages that the said lessee should sustain by said failure to defend and warrant the said lessee, not exceeding the sum of fifteen hundred dollars. At the same time and place the said defendant C. A. Stevens, as principal, and A. V. Grosetta and W. S. Read, co-defendants, and appellants herein, as sureties, executed and delivered to the said G. H. Wadleigh a joint and several bond in the sum of fifteen hundred dollars, conditioned, among other matters, that "if the said Stevens shall well and truly pay, or cause to be paid, said rent, and perform all the other conditions of said lease therein agreed to be performed by him, then this obligation shall be null and void; otherwise, to remain in full force and effect to the full extent of the damage sustained by said G. H. Wadleigh, not to exceed fifteen hundred dollars." Stevens entered upon the premises, took possession of the real and personal property, occupied and paid rent for the same up to and until the first day of March, 1893, since which date the defendant Stevens, and his sureties, Grosetta and Read, failed and refused to pay the rent due upon the said leased property, or any part thereof. After the execution and delivery of the lease and bond above mentioned, the said G. H. Wadleigh, on the twenty-fifth day of February, 1893, sold and transferred the real and personal property in question, and the said agreement of lease, and bond as security for the same, to Abbie E. Wadleigh, this plaintiff, for a valuable consideration. On the twenty-fourth day of April, 1895, Abbie E. Wadleigh (the appellant herein) recovered a judgment against the defendants, and each of them, for the sum of six hundred and fifty dollars for rent upon the said property from the said first day of March, 1893, to the first day of April, 1894. The rent accruing and remaining unpaid from that date, the plaintiff herein, on May 27, 1895, brought suit in the district court for the sum of six hundred and fifty dollars for rent upon the said property from the said first day of April, 1894, to the first day of May, 1895, the complaint alleging that at the time of bringing this action the plaintiff was the owner, by purchase for a valuable consideration, of said real and personal property, the agreement of lease, bond, and claim for rent; notice of which was duly given the defendant, setting up the former default, refusal

to pay, suit and recovery of the aforesaid six hundred and fifty dollars, alleging the further default and refusal to pay, and setting up the lease and bond. To the complaint the defendants answered, and set up two defenses. The first defense alleges that the lessee, at the time the lease and bond were executed, was in the dairy business; was the owner of a large number of milch cows; that his business was large and profitable, which the lessor then knew; that the land leased is arid, and, without irrigation, is valueless for any purpose; that, if irrigated, large and profitable crops can be grown on it; that the only value of the land was the crops it could be made to produce by irrigation; that the land was under an irrigating ditch that diverted water from the Santa Cruz River; that said ditch was owned by the owners of the land lying under it, each of which owners owned a share therein; that at the time the lease was made the lessor was such an owner; that a right to the use of a share of said water, amply sufficient to irrigate the land, was appurtenant to said land, and a material part thereof, and a consideration, in part, of said lease; that for a long time before the lease was made, and for some time thereafter, said water was used on said land, whereby the same was made valuable as aforesaid; that the lease was made in order that the lessee might provide himself with feed for the cows aforesaid; that the lease contemplated that the lessee should have a right to the use of the said water upon the said land for the purposes aforesaid, and that the guaranty of the lessor, contained in the lease, extended to the uninterrupted use and enjoyment of the right to said water during the time the lease should run; that during a part of the term the lessor delivered to the land the water to which it was entitled, and that during all that time the lessee paid the rent in full; that afterwards, while the lease was in force, the lessor failed and refused to deliver said water wherewith to irrigate the said land; that because of said failure the land was worthless, and the lessee was unable to raise feed for his cows thereon, and did abandon the leased premises. The second defense alleged that in pursuance of the lease, and in order to effectuate the same, the defendant executed to the lessor the bond conditioned in the following words, to wit: "Now, therefore, if the above bounden C. A. Stevens shall well and truly pay, or cause to be paid, the said

rent, and perform all the other conditions of said lease therein agreed to be performed by him, then this obligation to be null and void; otherwise, to remain in full force and effect to the full extent of the damage sustained by G. H. Wadleigh, not to exceed fifteen hundred dollars.'' They further alleged that at the time of making the bond and lease it was agreed by and between the lessor and the defendants Grosetta and Read that they, the said Grosetta and Read, should in due and proper form guaranty to the lessor and his assigns that the said Stevens should pay to the said lessor or his assigns fifteen hundred dollars of the three thousand dollars therein covenanted to be paid, but that their said guaranty should only bind them, the said defendants, to said guaranty that Stevens would pay rent under the covenant, as in the lease contained, to the extent of fifteen hundred dollars, and no more, and that, as soon as Stevens had paid of said rental the sum of fifteen hundred dollars, then and henceforth the said Grosetta and Read were to be released, and thereafter discharged from any liability to said lessor and his assigns on account of said guaranty; that in pursuance of said agreement so made between them as aforesaid, and relying thereon, the sureties executed the bond; that thereafter, and since the inception of this suit, said defendants have been advised by the court that, said above-quoted words from the said bond did not correctly state the verbal agreement as above given, but, on the contrary, that the legal force of said words was to make said Grosetta and Read liable for any balance that said Stevens might owe on said rental to the extent of fifteen hundred dollars, regardless of the amount said Stevens might have paid thereon. Wherefore said defendants pray that said bond be reformed, and in such a way that it will correctly state and show the agreement that was made by and between the said parties as aforesaid. Defendants allege that said Stevens has paid out of said rental more than fifteen hundred dollars,—viz., the amount of twenty-six hundred dollars,—the sum so paid being the rent for the full period of four years. To these defenses the plaintiff demurred upon the grounds that they failed to state facts sufficient to constitute any defense to the cause of action set up in the complaint. The demurrer was sustained by the court. The defendants stood by their pleading. Upon the

trial of the case, judgment was rendered against them for the rent. From that judgment an appeal was taken to this court. The appellants assign as error the following: "1. The court erred in sustaining the demurrer to the first defense above specified, and for the reason that the same is good in law; 2. That the court erred in sustaining the demurrer to the second defense above specified, and for the reason that the same is good in law."

The pleadings allege that Stevens and his sureties, Grosetta and Read, failed to pay the rent due upon the leased property from March 1, 1893, to April 1, 1894; that the appellee herein brought suit and recovered a judgment against the defendants, and each of them, for the sum of six hundred and fifty dollars for rent upon the said property from the said March 1, 1893, to April 1, 1894. Among the agreed facts filed with the exhibits and other evidence in the case is the agreement "that the lease and bond were executed, as alleged, and duly assigned to the plaintiff, as alleged; that the defendant Stevens paid the rent in full, as provided in the lease, to the first day of March, 1893; that afterwards, in this court, judgment was obtained against these defendants and in favor of this plaintiff for six hundred and fifty dollars, it being the said rent from the said March 1, 1893, to April 1, 1894, and the defendants have paid no rent since April 1, 1894." In his argument in support of the first assignment of error, the counsel for the appellants says that a former case between the same parties, involving this question, was before this court, and quotes from the decision rendered by this court in that case, "We further hold that Stevens could not, under the terms of said lease, abandon said lands, and escape the liability for the rent," upon the theory that "a judgment by a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties." *Morgan* v. *Mitchell*, (Neb.), 72 N. W. 1055. We quote further from the decision of this court affirming the judgment of the district court of Pima County in the case referred to, remembering that the suit was between the same parties, and that identically the same issues were before the court in that case as in this case, the action then having been brought for the rent from March 1, 1893, to April 1, 1894,

while this is brought for the rent from April 1, 1894, to May 1, 1895; the first defense (herein demurred to) having been then set up in the same shape as herein. The court said (5 Ariz. 90, 46 Pac. 70), after stating the facts: "There was no evidence that plaintiff or her assignors had performed any act or neglected any duty which caused the injury to the said ditch, or diminished the quantity of water to which the land leased to the defendant Stevens was entitled. Under the allegations in the pleadings, the terms of the lease, and the facts adduced on the trial, we hold that the lease carried with it, for the term of the lease, all the water which could be obtained from the Farmer's ditch, and that the lessee, by the terms of the lease, had for that period the same rights which the lessor would have had, and was under the same obligations to pay for the use and distribution of the water and to maintain said ditch for that period as the lessor would have been had he remained in possession,—i. e. that the lessee for that period succeeded to all the rights and obligations that would have belonged to and rested upon the lessor had he remained in possession; that for the period of the lease said interest in the water of said ditch attached to the lands, whether it be under the name of an 'appurtenance' or under some other name or appellation. The part of the lease quoted was only a covenant of quiet enjoyment of the lands leased, since there was no eviction. The said covenant was to the extent only that the lessor had a good title, and could give a free, unencumbered lease for the time specified. 1 Washburn on Real Property, p. 428, par. 2a; *Gazzolo* v. *Chambers*, 73 Ill. 75. Aside from an expressed covenant to that effect, a landholder is not bound to keep the leased premises in repair, nor is he responsible for any damages to his tenant for injuries resulting to the latter from the non-repair of the leased premises. *Ward* v. *Fagin*, 101 Mo. 669, 20 Am. St. Rep. 650, 14 S. W. 738; *Peterson* v. *Smart*, 70 Mo. 38; *Brewster* v. *De Fremery*, 33 Cal. 341. And a loss, by accident, of a portion of the leased premises, does not rescind the lease, or relieve the tenant of his obligation to pay the rent. *Ely* v. *Ely*, 80 Ill. 532; *Sheets* v. *Solden*, 7 Wall. 416. We further hold that Stevens could not, under the terms of said lease, abandon said lands, and escape the liability for the rent." *Stevens* v. *Wadleigh*, 5 Ariz. 90, 46 Pac. 70. The answer nowhere

alleges that the lessor agreed or bound himself to deliver the water, neither does it allege that the lessor failed in his title to the water-right, or to invest and defend in the lessee the right, under the agreement, to the use of the water for irrigating purposes. Without either of these allegations, the allegations contained in the answer were insufficient to constitute any defense, and the demurrer was properly sustained.

The second defense alleged that a certain understanding or agreement had been made between the lessor and sureties on the bond, and that thereafter, in pursuance of such agreement, the bond was executed in the words and terms set forth in the pleading; and the defendants, while they alleged that the bond as drawn and signed did not express their understanding, yet admitted that they did sign the bond in the words and terms given, knowing it to be in such words and terms, and admitted that they allowed it to remain in such words and terms, thus signed by them, until after the property was sold to an innocent purchaser, and the lease transferred, and the bond assigned for value to the plaintiff in this case, and they admitted that the construction given the bond by the court is the proper construction of the words used. The plaintiff in this case is a third party to the contract of guaranty in the bond, and the record shows no right in any of the defendants to reform that contract as against her interests. 15 Am. & Eng. Ency. of Law, p. 679, note 3; 1 Story's Equity Jurisprudence, pars. 108, 139, 165, 434; 2 Pomeroy's Equity Jurisprudence, pars. 776 et seq.; *Cottrell* v. *Bank,* 53 Minn. 201, 54 N. W. 1111; *Toll* v. *Davenport,* 74 Mich. 386, 42 N. W. 63. It is conceded in the pleadings that under the existing terms of the bond Grosetta and Read are liable for the rent sued for. The prayer for a reformation of the bond therefore concedes that the facts alleged constituted no existing defense against the plaintiff, and the demurrer was therefore properly sustained by the lower court.

Beyond the fact that as a matter of law the court properly overruled the demurrer to the two defenses, remains the further fact that, regardless of the authorities that support the court's ruling in these instances, according to the general principles of law, ''a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in

a subsequent suit between the same parties or their privies, and, even if the second suit is for a different cause of action, the right, question, or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified." *Southern Pacific R. R. Co.* v. *United States*, 168 U. S. 1, 18 Sup. Ct. 18. The judgment of the district court is therefore affirmed.

Street, C. J., and Sloan, J., concur.