# Bradford *et al. v.* Wilson *et al.*

### Statutory Action of Ejectment.

1. *Ejectment; adverse possession; admissibility in evidence of judgment in former ejectment suit.*—In an action of ejectment, where the defendan's claim title by reason of adverse possession, and there was evidence tending to show that the plaintiffs had brought a former action of ejectment against the defendants for the possession of the same land, the record of the judgment in the former suit in favor of the plaintiffs in the present suit, is not admissible in evidence, in the absence of evidence showing that the defendants in the present suit were dispossessed under said former judgment.

2. *Adverse possession; when bar of statute effective as against minors.*—Title by adverse possession, as against minors, does not become effective and complete under the s'atute, (Code, § 2807), until at least three years after the removal of such disability.

3. *Same; possession not interrupted by institution of suit.*—The institution of a suit in ejectment for lands claimed by the defendants in adverse possession. does not, of itself, interrupt the continuity of the possession.

[Bradford *et al.* v. Wilson *et al.*]

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

This was a statutory action of ejectment, brought by the appellants against the appellees. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendants, gave to the jury the following written charges, to the giving of each of which the plaintiffs separately excepted: (1.) "I charge you that the bringing of a suit for land is not an interruption of possession." (2.) "I charge you that the bringing of a suit against the defendants was not an interruption of possession." (3.) "I charge the jury that if the jury believe the defendants have been in open, notorious, continuous and adverse possession of the land sued for in the complaint from the year 1876 to the year 1887, they are instructed to find a verdict for the defendants." (4.) "If the jury believe that defendants went in possession of the property sued for, and remained in adverse possession, under color of title continuously for ten years, they must find for the defendants."

There were verdict and judgment for the defendants. The plaintiffs appeal, and assign as error the several rulings of the trial court, to which exceptions were reserved.

POWELL & BLACKBURN, for appellants.—Hostility to the title of the true owner is an indispensable element of adverse possession. The defendants, until 1877 or 1880, were mere tenants at will of Martin of a small portion of the land; made no claim as against Janette Mudd; recognized her title by contributing to her well for permission to get water therefrom, and abandoned the property after the verdict, or during the time of the suit. In this view of the testimony the court erred in excluding the verdict, and the record in the former suit. The mere declarations of defendant that she claimed the land as her own are rebutted by her position as tenant merely, which her declarations could not change.—*Boykin v. Smith*, 65 Ala. 294; *Collins v. Johnson*, 67 Ala. 304; see also 1 Am. & Eng. Ency. of Law (1st ed.), 271-275.

[Bradford *et al.* v. Wilson *et al.*]

JOHN W. TOMLINSON and W. M. MARTIN, *contra.* "Adverse possession of land for ten years under a claim or right, though without title or color of title, is equivalent to a legal title on which an action of ejectment may be either maintained or defended."—*Ryan v. Kilpatrick,* 66 Ala. 332.

DOWDELL, J.—This is a statutory action in the nature of ejectment brought by appellants (plaintiffs in the court below) to recover possession of certain real estate described in the complaint. The plaintiffs based their right of recovery on title descent to them as heirs at law of Janette Mudd, deceased, their mother. In support of this, they introduced in evidence, in connection with proof of heirship, a deed to the land in question from Alberto Martin and wife to the said Janette Mudd, executed March 4, 1873. They also introduced further evidence tending to show that the said Janette Mudd went into possession of said land under said deed, and continued in possession up and and until her death, in January, 1876; that at the time of the death of said Janette the plaintiff Carrie Bradford, then Carrie Mudd, and her brother and sister, children of Janette Mudd, all of whom were minors, were living with their mother. The origin of the legal title was not disputed; that is, that Alberto Martin, grantor of Janette Mudd, was formerly the owner of the land. The defendants introduced in evidence a deed of gift from Alberto Martin to the defendant Martha Wilson, of date November 30, 1877, with a relinquishment of dower by the wife of date June 16, 1880, indorsed on said deed, which described the land conveyed as one and one-fourth acres of land near Enon, "on which she [Martha Wilson, the grantee] is now and has been living for several years." The defendants, however, did not rely upon this deed as a muniment of title, but as color of title in connection with the claim of adverse possession, which they set up as a defense. In support of their claim to the land by adverse possession, the defendants offered evidence which tended to show that Martha Wilson went into possession of the land in 1874 or 1875, and continued in the possession thereof, claim-

ing ownership, down to the institution of this suit, and was still in possession, claiming to own the same. In rebuttal, the plaintiffs offered evidence tending to show that the said Martha Wilson never set up claim of ownership to the land until after the death of their mother, the said Janette Mudd, in January, 1876, and that in 1885, and within the statutory period of ten years, plaintiffs brought suit in ejectment against these defendants for the recovery of the possession of this land, and that during the pendency of said suit, or immediately after a trial and verdict in favor of the plaintiffs, these defendants, who were defendants in that suit, abandoned said land, and removed the fence or inclosure which they had placed around the same; and that said land after this remained vacant and unoccupied up to the fall of 1893, or the spring of 1894, when the defendants entered again upon said land and inclosed the same.

The plaintiffs offered in evidence the record of a judgment in favor of plaintiffs on a former trial between the same parties, which, on objection of the defendants, the court excluded, and to which ruling exception was reserved. The judgment alone, without a writ, and the dispossession of the defendants under it, was not sufficient to create a break in the continuity of the defendants' holding, and this was the purpose for which it was offered. There was no offer to show that defendants were ever dispossessed under the judgment. The court committed no error in sustaining the objection.

If the claim of ownership to the land by Martha Wilson was never set up by her until after the death of Janette Mudd, in January, 1876, and at which time the plaintiffs were minors, then there was a phase of the evidence introduced on which the question of infancy becomes material. There was evidence from which the jury might have found an adverse holding and possession for a period of ten years by the defendants after the death of Janette Mudd, and before the time of the abandonment, if there was an abandonment, as some of the witnesses testified that the defendants abandoned the possession during the pendency of the former suit, or just after its termination. The former suit was begun in

1885, and terminated in 1887.   The completion of the statutory period of ten years' adverse possession after the death of Janette Mudd, and before any abandonment, would have invested the defendants with a title on which they could have successfully defended, even after subsequent abandonment and re-entry, if no disability on the part of plaintiffs had existed.   But if the plaintiffs were under the disability of infancy at the time the adverse possession commenced, and during the period of such adverse possession, then, under the statute (Code, 1896, § 2807), the bar of the statute would not have become effective until at least three years after the removal of such disability.   In such a case the bar not having become complete on account of the disability of the plaintiffs, the ten years' adverse possession by the defendants would not operate to invest them with title on which they might successfully sue or defend against the infants. Under the law, and on the phase of the evidence above stated, the court erred in that part of its oral charge which was excepted to by the plaintiffs wherein it instructed the jury "that, under the evidence in the case, if the jury believe it, they could not consider the infancy of the plaintiffs as having any bearing upon the question of adverse possession." For the same reason, charges 3 and 4, given at the request of the defendants, and which ignored the question of plaintiff's infancy, should have been refused. There was no error in the giving of charges 1 and 2, at the request of the defendants.   Those two charges correctly stated the law.

For the error pointed out, the judgment will be reversed and the cause remanded.

Reversed and remanded.