(No. 13115.—Decree affirmed.)
LAURA A. BUSBY, Defendant in Error, *vs.* PEARL MAUS
*et al.* Plaintiffs in Error.

*Opinion filed October 23, 1920.*

1. CLOUD ON TITLE—*when decree is binding on party served by publication.* Where a person is really and properly made a party to a chancery suit as an unknown owner and service is obtained upon him by publication, as required by statute, the decree, if not set aside within three years, as provided by section 19 of the Chancery act, is as binding upon him as if he were made a party in his real name and duly served.

2. SAME—*when decree will be set aside by bill of review.* A decree purporting to quiet title to one of two adjoining lots, thereby including a strip of land beyond the division fence, which is not on the lot line, is not binding upon the party who has been in possession of said strip for more than twenty years and who was not a party to the suit, although it was not known when the decree was entered that the fence was not on the line, but he may, by a bill in the nature of a bill of review, have the decree set aside as to said strip of land even as against subsequent purchasers.

3. PARTIES—*one whose residence is known cannot be made a party as an unknown owner.* One whose residence is well known cannot be made a party defendant under the designation of unknown owner, and if service upon him by publication as an unknown owner is attempted the decree may be set aside as to his interest at any time thereafter, as the limitation of three years allowed to open up the decree applies only to owners or parties in interest who are, in fact, unknown.

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

WALTER T. GUNN, for plaintiffs in error.

ACTON & ACTON, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Laura A. Busby, as heir of William A. Church, deceased, filed an original bill in the nature of a bill of review to impeach and set aside a decree rendered

294 — 26

in the circuit court of Vermilion county on a certain bill in chancery to quiet title, to cure misdescriptions and omissions in conveyances in the chain of title, and to cure matters not appearing of record as to heirship and dower interest and the usual mistakes or defects appearing in the chain of title to the tract of land hereinafter described. The bill to quiet title was filed December 15, 1908, by Pearl Maus and others against J. D. Morse and others, and the land to which title was quieted in that case, among other lands, was described as the east half of lot 2, in the northeast quarter of section 5, town 18, north, range 12, west of the second principal meridian, which includes the strip of land in question. It is averred by defendant in error in her bill that summons was issued in the quiet title suit, and also that an affidavit of non-residence of unknown heirs and of unknown owners was filed by complainants in the case. The court found in its decree in that case that affidavits of non-residence and of unknown owners of lot 2 and unknown heirs and unknown persons in interest were filed and publication and mailing of notices duly made as to the unknown heirs and unknown owners and parties in interest. The court also found that the complainants were owners as tenants in common and in actual possession of the above described real estate, and the title thereto was duly quieted by the decree. It is further alleged by defendant in error that she is the owner in fee simple, as heir and devisee of William A. Church, of the thirty acres off the north side of the southeast quarter of the northeast quarter of section 5, town 18, north, range 12, west of the second principal meridian, which adjoins lot 2 on the south; that she is the owner, by prescription, of the strip of land which is in question in this case, described as a strip off of the south side of lot 2, and which is 183 feet wide at the east end, 129 feet wide at the west end and 1345.2 feet long on the south side, the north boundary thereof running westerly from the east and bearing slightly to the south,

the strip containing approximately 4.79 acres; that she and her husband .have been in the quiet and peaceable possession of the aforesaid strip and of the thirty acres for twenty years or more previous to the filing of this suit; that she claims title, by prescription, to the strip of land by reason of the fact that she and her father and his grantors have been in actual, open, notorious, exclusive, continuous, peaceable and adverse possession for more than sixty-two years, and that the same has been farmed and that the boundary lines and ditches have been established on it for that length of time. It is further alleged by defendant in error that at the October term, 1915, of the circuit court, Simon J. Straus, as grantee of the complainants in the quiet title suit, brought suit in ejectment against Church and defendant in error and others for said strip of land and obtained judgment therefor, in which suit it was held that defendant in error was barred by the decree in the quiet title suit from setting up her claim of title, by prescription, to said strip. Further allegations made in defendant in error's bill are that it was not the intention of the complainants in the quiet title suit to join Church and defendant in error as defendants, and that if they were intended to be made parties defendant the decree was false and should be opened up and vacated as to the strip of land in question and as to defendant in error. All the parties to the quiet title suit are made parties defendant to this bill, as is also E. E. Mosier, who was a purchaser from the complainants in the quiet title suit, and also Simon J. Straus, as purchaser from Mosier and wife.

An answer was filed to the bill by Simon J. Straus, E. E. Mosier and Electa Mosier, his wife, admitting that William A. Church was in the actual possession of the land in controversy when the quiet title suit was begun and that his possession was due to a mistake in locating the boundary line on the south side of lot 2. They denied that Church was not made a party to the quiet title suit and averred that

defendant in error was not a necessary party to that decree; denied that the affidavits of non-residence in the quiet title suit and of unknown owners were false and fraudulent, and denied that complainants in the quiet title suit, or they as defendants, had any knowledge whatever of any interest or claim on the part of Church to said strip of land.

The cause was submitted to the court on the bill, answer, replication and a stipulation of facts made by the parties, and thereupon the court entered a decree in favor of defendant in error. The decree also held that the court had no jurisdiction of William A. Church and defendant in error in the quiet title proceeding, and that said decree should be impeached and set aside and held for naught so far as Church and defendant in error are concerned, and said decree was further so modified as not to include the tract of land in question. Simon J. Straus was enjoined from suing out any writ of possession or in any way enforcing the judgment in the ejectment suit and the costs were adjudged against him, and he and E. E. Mosier have sued out this writ of error to review that decree.

The decree of the circuit court recites the facts stipulated and they are not questioned by the parties. They are, in substance, the following: All of the material allegations of the bill of defendant in error as amended are true as therein set forth. Particularly the court finds that in the quiet title suit certain persons were named as defendants as unknown owners and unknown parties interested in said strip of land. Complainants in the quiet title suit deeded the land to E. E. Mosier. Mosier and wife deeded the same to Simon J. Straus. Laura A. Busby, defendant in error, was substituted as a defendant in the ejectment suit for William A. Church, who had died, she having succeeded to all his rights, title and interest by virtue of a deed and will of Church. At the filing of the quiet title suit Church was in possession of the land in controversy, and had been in possession of it for more than fifty years prior to the

filing of that suit.  On the north side of the tract, south of the land then in possession of Pearl Maus and others, there was a division fence, which was recognized as a division line between the land owned by complainants in the suit and that owned by Church, and there was then no question or dispute as to the ownership of the tract of land of 4.79 acres.  The complainants in the quiet title suit, during the pendency thereof, knew that Church was in the actual possession of the strip of land and that he claimed to own the same.  They knew that he resided near Catlin, Vermilion county, Illinois, and neither they nor Church knew that the fence was not on the division line, and there was no intention to make Church a party defendant in that suit under the name, style and designation of unknown owner.  Neither Church nor Laura A. Busby was a party in any way to the quiet title suit and neither knew of the claim of the complainants therein until the ejectment suit of Straus was begun.  No execution or writ of possession for the premises has issued in the ejectment suit and Laura A. Busby is still in possession of the 4.79 acres.  The Mosiers and Straus at the times of their purchases aforesaid had notice of the possession of Church, who was at those times in possession of the 4.79 acres.  By reason of the possession of Church, and the facts that he was well known to complainants in the quiet title suit and that there was no intention in that suit to assert title to said strip of land as against Church nor to make him a party under the name of unknown owner, the court had no jurisdiction of Church in said proceeding.

The only points argued by the plaintiffs in error are (1) that the decree in the original title proceeding, though erroneous as between the parties, is binding on them as against the interests of third persons acquiring title in good faith; (2) that William A. Church was a party to that suit and that his possession of the strip of ground in controversy was not notice to the Mosiers and Straus, pur-

chasers, because he held it subordinate to the decree entered against him in the quiet title proceeding; and (3) that at the expiration of three years the original decree to quiet title became final and could not be questioned by this bill of review or otherwise.

The first proposition of plaintiffs in error is well supported by the law. Section 7 of our Chancery act provides that "in all suits in chancery, and suits to obtain title to land, in any of the courts of this State, if there be persons interested in the same, whose names are unknown, it shall be lawful to make such persons parties to such suits or proceedings, by the name and description of unknown owners, or unknown heirs or devisees of any deceased person, who may have been interested in the subject matter of the suit previous to his or her death," on making the proper affidavits, etc. Section 43 of the same act provides that "all decrees, orders, judgments and proceedings, made or had with respect to unknown persons, shall have the same effect, and be as binding and conclusive upon them, as though such suit or proceeding had been instituted against them by their proper names." Where a person is really and properly made a party to a suit as an unknown owner and service is obtained upon him by publication, as required by this statute, this court has held, in accordance with the provisions of the statute, that it is just as binding as if he were made a party in his real name and duly served, if the suit is not set aside within three years after the rendering of the decree, as provided by section 19 of the Chancery act. (*Walker* v. *Ogden,* 192 Ill. 314.) This court has also held that where the title to a tract of land has been decreed by a competent court to belong to a complainant bringing the suit and that the possession of the defendant is unlawful, such defendant cannot rely upon his prior possession in a subsequent suit to establish his title but can only rely upon the new possession held after the decree. *Oberein* v. *Wells,* 163 Ill. 101.

Plaintiffs in error's second contention cannot be sustained. It is clear, under the facts in this case as found by the court, that there was no intention of the complainants in the quiet title suit to make William A. Church a party defendant thereto by the designation of unknown owner or otherwise. The stipulation of facts establishes positively that no one connected with that suit as complainant, and no subsequent purchaser of the east half of lot 2, ever knew that the strip of land in question was a part of that tract or that the division fence was not on the south line of the tract, up to the time of purchase by plaintiff in error Straus. Church and his successors in title to the tract of land south of the east half of lot 2 never knew that they were in possession of any part of the east half of lot 2 until after Straus became a purchaser thereof and the tract was surveyed to ascertain its real boundaries. It is positively true, then, that the finding of the court is correct that the complainants in the quiet title proceeding never intended to make Church a party defendant to that proceeding and that Church never knew at that time that such suit related to land, or any part thereof, in his possession. If, on the other hand, the complainants in the quiet title proceeding did know that Church was in possession of any part of lot 2 and intended to make him a party to that suit by the designation of unknown owner, said act and intention constituted a fraud upon him, as they knew him and knew where he resided, under the stipulation of facts in this case. Under the provisions of the Chancery act a known party whose residence is well known cannot be made a party defendant under the designation of unknown owner. Proceedings against this class of persons rest on the ground of necessity, and the omission of personal service on all who can with reasonable diligence be ascertained and found can not be justified. (21 R. C. L. sec. 33, p. 1289.) If such a party is made a defendant and served by publication the decree is not binding upon him at all. He may have such

a decree set aside as to him at any time thereafter on discovery of the fraud perpetrated against him. The three years allowed a defendant made a party as an unknown owner to open up the decree applies to persons who are made parties defendant as unknown owners and who are, in fact, unknown owners or parties in interest. *Wellington* v. *Heermans,* 110 Ill. 564; *Burton* v. *Perry,* 146 id. 71.

The sum and substance of plaintiffs in error's contentions are, that William A. Church was bound by the decree in the quiet title proceeding, and that Laura A. Busby, successor to his title, must also be held to hold her title in subordination to that decree, and that their possession was not notice of their rights to complainants in that suit and their subsequent purchasers. For the reasons heretofore given this position must be held to be absolutely unsound. Church and Laura A. Busby were not bound in any way by the decree. Their possession was notice at all times of all their legal rights and claims, and all persons in possession of the east half of lot 2 were bound to inquire by what right or title they held or claimed as occupants. (*German-American Bank* v. *Martin,* 277 Ill. 629; *Phillips* v. *Pitts & Co.* 78 id. 72.) The quiet title proceeding had no more legal effect upon the occupants' title to the strip in question than did the deeds of former grantors to the complainants in that case. The complainants in that suit supposed that they occupied all of the east half of lot 2. They believed that they were quieting title only to the part of the land they occupied. Their purchasers, plaintiffs in error, obtained by their purchases the part of lot 2 that was occupied by their grantors, which was all they supposed they were buying, and there is no equitable reason shown by this record why they should hold more of the land than was occupied by their grantors and against defendant in error. To hold otherwise would be to hold that a party in possession and who has acquired title to a piece of land may be divested thereof by suit without being made a party thereto in the

manner required by law and without any notice whatever that such a suit in any way affected or was intended to affect any of his rights in the land. Such a holding would be contrary to all principles of law and equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*