## REYNOLDS et al. v. SCHMIDT et al.

### No. 189.

Circuit Court of Appeals, Tenth Circuit.
April 4, 1930.

Chas. West, of Tulsa, Okl., for appellants.

A. J. Biddison, of Tulsa, Okl., and Martin L. Frerichs, of Okemah, Okl. (Harry Campbell, Valjean Biddison, J. H. Cantrell, and W. B. Robinson, all of Tulsa, Okl., on the brief), for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

This suit was originally commenced by the appellants in the state court and thereafter removed to the United States District Court for the Northern District of Oklahoma. The original petition set up a legal cause of action in ejectment and an equitable cause of action to quiet title. After removal and in order to separate the legal from the equitable cause of action, an amended petition at law for ejectment was filed, which was docketed as cause No. 507 Law, and an amended bill in equity was filed, which was docketed as cause No. 283 Equity. This is an appeal from the decree dismissing the bill in the latter cause.

In this action, by the bill in equity, appellants alleged that they are the sole owners, as the heirs of Delphia Reynolds, of a tract of land in Okfuskee county, Oklahoma, which was formerly the allotment of Lemuel McCoy; that Delphia Reynolds was at all times during her lifetime entirely without understanding; that appellees entered into possession of such land in 1906 and have withheld and detained the same since that date to appellants' damage in the sum of $750,000; that, during such period, appellees have taken minerals from such land of the value of $2,000,000; that various deeds, written instruments and conveyances, claimed to have been made in deraignment of title from Delphia Reynolds, are void and of no effect; that such conveyances constitute a cloud upon the title of appellants. The prayer of the bill is that the appellees be required to set up what claim, right or title they assert to the land; that the title be quieted in appellants; that such deeds and conveyances, upon which appellees predicate their claim of title, be canceled; and that appellants recover their damages.

Appellants filed three amendments to their bill in equity.

The first amendment alleged that some of the appellees are holders of royalty rights only and are not in possession, and that therefore relief in equity is necessary.

The second amendment alleged that the appellees, and the persons through whom they claim, purchased a ¾ths interest in such land for $600 from Delphia Reynolds, in 1906; that no judicial proceedings were had authorizing such sale; that, in 1908, appellees and their grantors fraudulently procured a deed from Delphia Reynolds for a ¼th interest in such land and a second deed for a ½ interest in lieu of the 1906 deed for a ¾ths interest, under representations that the last named deeds were to go to different persons and that their delivery would cancel the deed for a ¾ths interest; that Delphia Reynolds executed and delivered the 1908 deeds in reliance upon such representations; that such appellees and their grantors recorded such deed for a ¼th interest and destroyed such deed for a ½ interest.

The third amendment alleged that the judgment, in an action brought in the District Court of Okfuskee county, Oklahoma, by Delphia Reynolds and Joe Reynolds, is not conclusive of the matters and things pleaded in the bill in the instant cause because the state court refused to allow the plaintiffs in such action either to plead or prove that Delphia Reynolds was a person of unsound mind but not entirely without understanding; that the judgment thereto rendered by the United States District Court in 507 Law is not conclusive of the matters and things pleaded in the bill in the instant case because the only question decided in that cause was whether Delphia Reynolds was entirely without understanding; and that the appellants were not permitted, in cause No. 507 Law, to prove fraud and that Delphia Reynolds was a person of unsound mind but not entirely without understanding.

By separate answers, each of the appellees alleged the judgment in the District Court of Okfuskee county and the judgment in 507 Law; denied that Delphia Reynolds was at any time wholly without understanding or under disability to prosecute an action; denied that the deeds from Delphia Reynolds were illegally acquired, and set up a perfect chain of title showing title in such appellees to the land in question.

To these answers, appellants filed a reply and alleged the matters set out in appellants' last amendment to the bill in equity.

The petition in the action brought in the District Court of Okfuskee county alleged that Delphia Reynolds and Joseph Reynolds, her husband, sold and conveyed by warranty deed an undivided ¾ths interest in such land to Harry E. Schmidt and retained an undivided ¼th interest therein; that thereafter said undivided ¾ths interest became vested in the defendants in such action, by mesne conveyances; that someone had caused to be filed of record a certain instrument purporting to be a warranty deed dated November 16, 1908, running from Delphia Reynolds and Joseph Reynolds to D. A. Hill and conveying a ¼th interest in such land; that such purported deed was a forgery; that by such deed such defendants therein sought to defraud Delphia Reynolds out of her remaining ¼th interest in such land. It prayed for cancellation of the deed to Hill and all subsequent conveyances from Hill and his grantees; for the possession of such ¼th interest; for damages, and for a decree quieting the title of Delphia Reynolds to such ¼th interest.

The answer of the defendants in the state court action denied that the deed to Hill was a forgery or was obtained through fraud and alleged it was valid and genuine. By way of cross petition, such defendants pleaded their title, alleged that they were the owners of the whole of such land and prayed that their title be quieted against all claims of Delphia Reynolds.

At the trial of the state court action, Delphia Reynolds sought to amend her petition by setting up that she was mentally incapable of understanding the nature of the transaction with Hill. Leave to amend was denied. Under instructions of the court, the jury returned a verdict in favor of such defendants therein. Judgment was entered in favor of such defendants quieting their title on the cross bill. From this judgment, Delphia Reynolds prosecuted an appeal to the Supreme Court of Oklahoma. See Reynolds v. Schmidt, 118 Okl. 161, 247 P. 110, 111. The Supreme Court affirmed the judgment below. In its opinion, the court said:

"The amendment offered, if it had been allowed, would have changed the action from that of ejectment based upon a forged deed to that of an action in equity for the cancellation of the deed based upon fraud in its procurement. * * * The judgment which was reached in the trial of this cause on the issue as made cannot affect plaintiff's right to maintain the equitable action any more than the proceedings already had in the action would have at the time the amendment was tendered."

The appellees either were defendants in the state court action or are privies of such defendants.

The question of whether Delphia Reynolds was a person entirely without understanding was put in issue and tried and determined adversely to the contention of appellants in cause No. 507 Law.

In the instant case, the trial court held that only a ¼th interest in the land was involved; that, under the doctrine of res adjudicata, the decree in the state court action and the judgment in No. 507 Law are a bar to the present suit.

Section 4981, C. O. S. 1921, provides:

*"Liability of Person without Understanding.* A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family."

Section 4982, C. O. S. 1921, provides:

*"Rescission by Person of Unsound Mind.* A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

Counsel contend that, notwithstanding such prior judgment and decree, the appellants are free to assert that Delphia Reynolds was a person of unsound mind but not entirely without understanding within the meaning of section 4982, C. O. S. 1921.

At the oral argument, counsel for appellants conceded that the claims of appellants are now barred excepting as to an undivided ¼th interest in such land.

It is a general rule that a valid judgment for a plaintiff in an action is conclusive, not only as to defenses which were set up and adjudicated, but also as to those which might have been set up, and that a defendant cannot use such defenses as the basis for a subsequent action against either a former plaintiff or his privies. Linton v. Omaha Wholesale P. M. Co. (C. C. A. 8) 218 F. 331; Warburton v. Trust Co. of America. (C. C. A. 3) 182 F. 769, 775; Smith v. Apple (C. C. A. 8) 6 F.(2d) 559, 563; 34 C. J. p. 856, § 1267.

In a suit to quiet title, the defendant is required to set up every defense and every claim of title which he then has and the failure to set up such defense or claim of title is a waiver thereof. Horse Creek Coal Co. v. Alderson (C. C. A. 4) 266 F. 477; Bazille v. Murray, 40 Minn. 48, 50, 41 N. W. 238; Dowell v. Applegate, 152 U. S. 327, 341, 345, 14 S. Ct. 611, 38 L. Ed. 463; 34 C. J. p. 859, § 1268. The same rule applies to a failure to set up fraud as a defense to a suit to quiet title. Weedman v. Fowler, 84 Kan. 75, 113 P. 390.

All of the matters alleged in the instant case, as the basis of appellants' cause of action, could have been set up as defenses to the cross petition in the action in the district court of Okfuskee county.

Counsel for appellants contend that Delphia Reynolds was denied the right either to plead or to prove the facts with reference to her mental incapacity in the action in the state court and therefore the instant cause falls within an exception to the general rule. The amendment, tendered in that action, was to the petition in ejectment and not to the reply to the cross bill. The Supreme Court of Oklahoma did not pass upon the question of whether the matters alleged in such amendment could be set up as a defense to the cross bill.

It seems clear to us that all of the matters alleged as the foundation of appellants' cause of action in the instant cause could and should have been set up as defenses to the cross petition in the action in the state court, and that the decree quieting the title of the defendants in that cause on their cross petition is a bar to the prosecution of this suit, under the doctrine of res adjudicata.

The primary basis for relief, alleged in the bill in the instant cause, is that Delphia Reynolds was entirely without understanding within the meaning of the provisions of section 4981, C. O. S. 1921, and for that reason her deed to the undivided ¼th interest to Hill was void. The bill and the amendments thereto wholly fail to allege facts bringing this cause within the provisions of section 4982, supra. The question of the total want of understanding was distinctly put in issue and directly decided adversely to appellants in 507 Law by a court having jurisdiction of the parties and subject matter of the action.

A judgment rendered by a court having jurisdiction of the parties and subject matter, whether correct or not, is conclusive and indisputable evidence as to all rights, questions or facts put in issue in the suit and actually adjudicated therein, when the same come again into controversy between the same parties or their privies, in proceedings upon the same or in different causes of ac-

tion. Oklahoma v. Texas, 256 U. S. 70, 85, 41 S. Ct. 420, 65 L. Ed. 831; Sou. Pac. R. R. Co. v. United States, 168 U. S. 1, 48, 49, 18 S. Ct. 18, 42 L. Ed. 355; Bates v. Bodie, 245 U. S. 520, 526, 38 S. Ct. 182, 62 L. Ed. 444, L. R. A. 1918C, 355; 34 C. J. p. 868, § 1282, id. p. 902, § 1312.

It follows that the judgment in 507 Law is conclusive evidence in favor of the defendants on the issue of total want of understanding of Delphia Reynolds.

The decree of the lower court was right, and it is affirmed.