[Civil No. 4542.   Filed February 16, 1944.]

[145 Pac. (2d) 843.]

JOHN C. LEE and BESS McGINNIS LEE, His Wife, POPE HIXON and BELLE W. HIXON, His Wife, Appellants, v. NEW YORK LIFE INSURANCE COMPANY, a Corporation, Appellee.

Messrs. Cox and Cox and Mr. John W. Ray, for Appellants.

Messrs. Sloan, Scott & Green and Mr. Robert De-Wolf, for Appellee.

STANFORD, J.—This is an action to quiet title, on appeal from the Superior Court of Maricopa County, Arizona, before the Honorable Howard C. Speakman, Judge.

The complaint alleges that plaintiff is the owner in fee simple and entitled to the possession of property in said county and state, described as:

"All that portion of the Northwest Quarter of Section 10, Township 2 North, Range 3 East, of the Gila & Salt River Base & Meridian, lying South and West of the Arizona Canal, except the west 1584. feet thereof, and also excepting that parcel of said Northwest quarter described as follows, to-wit: Beginning at a point 264 feet east from the southwest corner of the Southeast Quarter of the Northwest Quarter of said Section 10, Township 2 North, Range 3 East, of the Gila & Salt River Base & Meridian, on the quarter section line; running thence east 76 feet, thence north 300 feet; thence west 76 feet; and thence south 300 feet to the place of beginning, together with all improvements thereon and all water rights appurtenant thereto."

All defendants except John C. Lee and Bess McGinnis Lee, his wife, and John C. Lee, Trustee, and Pope Hixon and Belle W. Hixon, his wife, defaulted, and those defendants answering denied the ownership in the plaintiff and also denied that it was entitled to the possession of the premises. The answer also alleged that since December,. 1919; the Hixons

" . . . entered into adverse possession of the whole of said premises described in plaintiff's complaint and have . since, together with their lessees and grantee, remained in peaceable and adverse possession, resided upon, collected rent therefrom, paid taxes and water assessments, improved, used, cultivated and enjoyed the whole of said property described in plaintiff's complaint, . . . that said defendants their lessees and grantees have been in peaceable and adverse possession of the premises described in plaintiff's complaint for more than twenty years before the commencement of plaintiff's action.

"Wherefore, defendants demand judgment that the complaint herein be dismissed with costs and that if plaintiff be entitled to recover possession of said

premises that the defendants claim for improvements, taxes, water assessments be tried and that defendants recover same as provided by law.''

On the 6th day of November, 1941, at the close of the trial a motion was made by the plaintiff for judgment and the same was granted and formal judgment was signed on the 17th day of said month.

The facts show title of appellee was procured by judgment received by it against J. W. Walker and Beatrice A. Walker, his wife, and then by execution of sale of the premises by Sheriff's Deed dated December 5, 1940. The Walkers derived their title by warranty deed from C. E. Harris and Forrest D. Harris, his wife, July 26, 1929.

In said Superior Court there was filed in May, 1931, and tried in May, 1933, the case of J. W. Walker and Beatrice A. Walker, His Wife, Plaintiffs, vs. John C. Lee and Bess Lee, His Wife, and S. W. Howard, and the court on January 20, 1936, quieted title in plaintiffs in that action for the lands now claimed by the appellee herein, and quieted title in appellant Lee for a tract of land 76' x 300' deeded to him by the Hixons in 1931.

During the pendency of the last-mentioned action, there was commenced in said Superior Court in September, 1935, an action by Blanche B. Barlow and Lillian J. Barlow, also known as Lillian Barlow, incompetent, by her guardian *ad litem,* Fred V. Moore, as plaintiffs, and J. W. Walker and Beatrice A. Walker, his wife, defendants, in which action one of the defendants herein, John C. Lee, was the attorney; said action asked for the quieting of title in the aforesaid premises herein involved in plaintiffs, and on December 12, 1938, judgment was rendered in said court finding the title in the defendants, J. W. Walker and Beatrice A. Walker, his wife.

The evidence shows, and the briefs of appellants admit, that on February 15, 1940, the Hixons gave Lee a quit-claim deed to the whole of the land involved, but it is the contention of the appellants that that deed was given for the sole purpose of allowing Lee to procure irrigation water.

The facts also show an unrecorded quit-claim deed from Blanche B. Barlow, wife of Vernon J. Barlow, deceased, to John P. Hixon, son of Pope Hixon, dated August 3, 1935. In that connection the record shows an agreement between Blanche B. Barlow and John C. Lee and J. P. Hixon dated August 3, 1935, which agreement reads as follows:

"That the undersigned Blanche B. Barlow for value received hereby agree with Jno. C. Lee and John P. Hixon; that the title to that certain tract of land described in quit-claim deed of even date hereof may be perfected in my name and for my benefit as the real party at interest, but at the expense of the said Jno. C. Lee and John P. Hixon, at no cost to me; that I will lend my cooperation and assistance, except; that I will not pay costs or bills of any character and this authority shall not be construed as the right to contract an obligation against me for which I may become liable.

"In witness whereof we have hereunto set our hands and seal this 3rd day of August, 1935.

"Blanche B. Barlow
"Jno. C. Lee
"John P. Hixson."

After trial of the above styled case of J. W. Walker and Beatrice A. Walker, His Wife, vs. John C. Lee and Bess Lee, His Wife, and S. W. Howard, between the trial and entry of formal judgment on the 20th day of January, 1936, John C. Lee, the attorney for defendants in the Barlow Case, knowing of the existence of the unrecorded deed from Barlow to Hixon,

as will be seen by the agreement, failed to make any disclosure to the court of the existence of same.

John C. Lee testified in the trial of the instant case as follows:

"Q. I will show you a deed marked Plaintiff's Exhibit D in evidence, in Case 43207, recorded in Maricopa County, Arizona, signed Pope Hixson and Belle Hixson, dated the 7th day of November, 1933. Is that one of the deeds that you are claiming under in this suit?   A. That is correct.

"Q. That deed was recorded by you when?   A. December 31, 1935. Is that what that is?

"Q. Yes. Now you got that deed on the date which it bears?   A. I wouldn't know that.

"Q. Approximately that date?   A. I would say something like that.

"Q. And you held it a couple of years before you recorded it?   A. Whatever the record shows, I don't remember."

Now this deed affects both of the suits herein referred to that were tried in the Superior Court of Maricopa County, mainly the Walker vs. Lee and Howard case, which was tried in May, 1933, but in which the judgment was not rendered until January 20, 1936. This deed had reference to the land involved in the instant case and it was not referred to in the action of the Walkers to quiet title against Lee, above mentioned.

In the Reply and Answer to Defendant's Answer and Cross-Complaint in the above mentioned case of Blanche Barlow and others, Plaintiffs, vs. J. W. Walker and Beatrice A. Walker, His Wife, Defendants, John C. Lee, one of the appellants herein, alleged that C. E. Harris, the grantor of the property involved to J. W. Walker and Beatrice A. Walker, his wife, purchased the same under execution sale by the sheriff of Maricopa County, and he further alleged:

"That thereafter on May 11, 1926, the said C. E. Harris through his agent, trustee, Arizona Guarantee Title and Trust Company, acting for him, instituted an action Cause Number 23383, in the Superior Court of Maricopa County, State of Arizona, against Vernon J. Barlow and Lillian Barlow, his wife, the unknown heirs of Vernon J. Barlow, if deceased, the unknown heirs of Lillian Barlow, if deceased, John Doe, Jane Doe, Richard Roe Company, therein seeking to quiet title in the said C. E. Harris, through the Arizona Guarantee Title and Trust Company, trustee, against Vernon J. Barlow and Lillian Barlow, his wife; that the said C. E. Harris had no title nor legal or equitable claim in, or, to said property, and the Court was for want of equity without jurisdiction to entertain said complaint, or render judgment divesting the owners and holders of legal title in fee to said property, and vest title in a wrong doer without title or any legal or equitable claim to said property; said judgment is void and of no effect and does not pass title to plaintiff's property to defendant's predecessor C. E. Harris; although it appears to do so on its face;"

The Barlow case was filed and tried after the Walker case where action was brought to quiet title and where this same appellant was made a party defendant. This defense, however, was not raised at that time.

Appellees introduced in evidence judgment in the Superior Court of Maricopa County, in an action to quiet title, in the case of J. W. Walker and Beatrice A. Walker, His Wife, vs. John C. Lee and Bess M. Lee, His Wife, and S. W. Howard, which judgment has been heretofore referred to several times; and also introduced in evidence, in an action to quiet title, the judgment in the Superior Court of Maricopa County, in the case of Blanche B. Barlow, et al. vs. J. W. Walker and Beatrice A. Walker, His Wife. In the first case Lee was a party to the action; in the

second case he was not a party, but he was attorney for Blanche B. Barlow.

The Hixons had no title to support their pleadings in this case because they abandoned the property in 1929, and to say nothing of other deeds, in 1940 they gave a deed to Lee to all of the rest of the property there excepting Lee's own property.

In reference to appellants John C. Lee and Mrs. Lee, they claimed adverse possession in the action of Walker v. Lee and they lost that action, and Lee, as attorney for Barlow, and others, foreclosed himself of any right of action in this case, as he claimed title at that time to be in those plaintiffs.

The answer of the appellants in this cause was, "demand judgment that the complaint herein be dismissed with costs and that if plaintiff be entitled to recover possession of said premises that the defendants claim for improvements, taxes, water assessments be tried and that defendants recover same as provided by law," but there is no proof in the record of the value of any improvements or other things referred to, and the court, as the record shows, urged on more than one occasion that Judge Ray, who tried the cause in the Superior Court, amend his pleadings, but the same were never amended until after the rendition of judgment when the counsel for appellant, Cox and Cox, diligently attempted to revive the case, and we cannot see, after having read the evidence, that an amendment would be of any avail.

The appellants throughout have attempted to show the weakness of the title of appellee. That is noticeable in reference to the judgment referred to by appellants, they claiming it was not revived as required by law. As a matter of fact, under the pleadings in

the case appellants did not ask for title, but merely payment for improvements upon the premises.

Judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.