216 P.2d 722

**LEE v. JOHNSON et ux.**

No. 5097.

Supreme Court of Arizona.

April 3, 1950.

V. L. Hash, of Phoenix, for appellant. Theodore G. McKesson, Thomas P. Riordan, James D. McKesson, of Phoenix, for appellees.

DE CONCINI, Justice.

Edward D. Johnson and Edna I. Johnson, appellees herein, brought an action against John C. Lee, appellant herein, concerning certain land located in Maricopa County, the title to which has often been litigated in the courts of this state. Appellees' complaint contains two causes of action, both concerned with the above-described property. Both causes of action are possessory in character. The first cause of action seeks damages for interference with appellees' possession and the second cause of action asks that appellees be restored to possession and that appellant be enjoined from further interference therewith. The appellant's answer to the complaint denied that title to the aforesaid premises was in appellees, by reason of his claimed adverse possession thereof. In response to appellees' motion for summary judgment the trial court entered an order in accordance with section 21-1213, A.C.A.1939, Rule 56(d), specifying that the appellees had title and were entitled to the possession of the above-mentioned premises, and that all further issues which were in controversy should be determined at the time of the trial of this action.

After hearing all the evidence the learned trial court rendered judgment in favor of the appellees, awarding $300 actual and exemplary damages against appellant and further ordered with respect to the encroachment of appellant's home upon appellees' premises, as follows:

"(6) That the defendant John C. Lee, is required and directed to remove said encroachment within a period of thirty (30) days from the date of this judgment, or within five (5) days after this judgment tender to the plaintiffs Five Hundred Dollars ($500.00) for the land occupied by said encroachment, together with a 3 foot additional strip contiguous and adjacent to said encroachment.

"(7) That if the defendant, John C. Lee, tenders payment in accordance with this judgment, the plaintiffs are required and directed to convey to the said defendant, John C. Lee, by warranty deed, the above described encroachment, together with the three (3) foot additional strip contiguous and adjacent to said encroachment. * * * "

Appellant assigns a number of errors and propositions of law. In his briefs and oral argument he insisted strenuously that the trial court erred in granting summary judgment for appellees on the question of title and in not allowing him to show any evidence of adverse possession prior to the decision of this court in the case of Lee v. New York Life Insurance Co., 61 Ariz. 177, 145 P.2d 843.

The last-mentioned case, hereinafter called the New York Life case, was a suit brought by the said company to quiet title to a parcel of land which included the land involved in this suit. The trial court gave judgment for the New York Life, which judgment was affirmed. See citation, supra. The appellees here, derive their title thru mesne conveyances from the New York Life, and are therefore, in privity with the New York Life. As in the immediate case, the appellant John C. Lee was also a defendant therein. In his answer to the complaint of the New York Life he raised the defense of adverse possession. Judgment having been rendered for the New York Life, the question of adverse possession, of necessity, was decided against the appellant, John C. Lee.

The problem before us here is whether the trial court was correct in not allowing appellant to introduce any evidence of his alleged adverse possession prior to our mandate in the New York Life case. A brief discussion of the doctrine of res judicata is indicated here inasmuch as appellant contends that res judicata has no application because this suit is upon a different cause of action.

In prior decisions we have pointed out the distinction between the effect of a judgment operating by way of estoppel in a later action upon a different cause of action and a judgment operating by way of a bar against a second action upon the same cause of action. Both are frequently referred to as res judicata. Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449. Before a prior judgment may bar a subsequent suit between the same parties or their privies, there must be an identity not only of the subject matter but also of the cause of action. This being a suit upon a possessory cause of action, the prior judgment quieting title is not a bar to the present suit. However, since this subsequent action is between the same parties or their privies, the prior judgment quieting title in appellees operates here as conclusive adjudication of title to the same land involved in both actions so that the appellant cannot now be heard to again

relitigate the question of adverse possession prior to the decision in the New York Life case. 30 Am.Jur. 914; Stevens v. Wadleigh, 6 Ariz. 351, 57 P. 622; Southern Pacific R. Co. v. U. S., 168 U.S. 1, 18 S. Ct. 18, 42 L.Ed. 355; O'Neil v. Martin, 66 Ariz. 78, 182 P.2d 939; Moore v. Harjo, 10 Cir., 144 F.2d 318; Reynolds v. Schmidt, 10 Cir., 40 F.2d 238.

In answer to this application of the doctrine of res judicata to the problem at hand, appellant contends that the question of adverse possession is an exception to the rule. In support of this contention, appellant cites many cases. Bessler v. Powder River Gold Dredging Co., 90 Or. 663, 176 P. 791, 178 P. 237; Rosenstihl v. Cherry, 114 Ohio St. 401, 151 N.E. 642; Ebell v. City of Baker, 137 Or. 427, 299 P. 313; McGrath v. Wallace, 85 Cal. 622, 24 P. 793; Carpenter v. Natoma Water & Mining Co., 63 Cal. 616; Smith v. Trabue, 22 Fed. Cas. No. 13,116; Bradford v. Wilson, 140 Ala. 633, 37 So. 295; Forbes v. Caldwell, 39 Kan. 14, 17 P. 478; Auldridge v. Spraggin, 349 Mo. 858, 163 S.W.2d 1042.

These cases are cited by appellant to support his contention that a decree quieting title in favor of one party will not of itself stop the running of the statute of limitations in favor of the adverse claimant. Appellant submits that there must be an actual change of possession by virtue of such judgment before the statute of limitations will be interrupted. Most of the authorities above cited by appellant in support of his position are not applicable here because the decrees involved in those cases were rendered in purely possessory actions. In order for a party to recover in a possessory action he need only show a right to possession as against the party in possession. The decree in these cases does not adjudicate the title to the real property in question. "It is now well established in this State that a judgment in the simple action of ejectment does not adjudicate title to real estate. Such a judgment adjudicates only whether the plaintiff in the ejectment action has the right of possession as distinguished from title." Auldridge v. Spraggin, 349 Mo. 858, 862, 163 S.W.2d 1042, 1043.

Therefore a decree in a purely possessory action not disposing of the question of title has not finally adjudicated the question of adverse possession. Hulsebus v. McConnell, 46 Ariz. 371, 51 P.2d 259; Auldridge v. Spraggin, supra.

However, we are not concerned here with a prior possessory action but with a prior action brought to quiet title. Therefore, we need not decide whether a judgment in a prior possessory action against an adverse occupant will interrupt the continuity of the occupant's adverse possession under the decree.

The authorities cited below support appellant's position that a decree quieting title in one party as against the adverse occupant will not, in and of itself, without a change of possession thereunder, inter-

rupt the continuity of his adverse possession. Ebell v. City of Baker, 137 Or. 427, 299 P. 313; Bessler v. Powder River Gold Dredging Co., 90 Or. 663, 176 P. 791, 178 P. 237; Rosenstihl v. Cherry, 114 Ohio St. 401, 151 N.E. 642.

See also 2 C.J.S., Adverse Possession, § 153, p. 726:

"It is the rule in some jurisdictions that where, notwithstanding a decree quieting title, the adverse claimant still retains actual possession, the decree will not of itself interrupt the running of the statute of limitations in his favor, an actual delivery of possession being necessary.

"Elsewhere, however, the running of the statute is considered to be interrupted by a judgment or decree against the adverse occupant in a suit to quiet title even though no execution or process has issued on the judgment."

Appellant lays great stress and relies strongly upon the case of Manor v. Stevens, 61 Ariz. 511, 152 P.2d 133, 136. In that case the court concluded that defendant held title to the exclusion of the plaintiff by virtue of the 3-year statute of limitations, section 29-101, A.C.A.1939, and by way of dicta, said "* * * if the defendant remains in possession the issuance of a sheriff's deed without possession does not stop the running of the statute. * * *" We fail to see how the above will support appellant's position here. Neither the three or five-year statute of limitations, being

sections 29-101 and 29-102, A.C.A.1939, respectively, is applicable here. Furthermore, even if the decision in Manor v. Stevens, supra, held that a sheriff's deed unaccompanied by a change in possession does not stop the running of the statute in favor of the adverse occupant as contended for by the appellant, it is not controlling here because the facts in this case are different. We are not called upon to pass on the strength or dignity of a sheriff's deed, but rather to decide on the efficacy of judgment quieting title.

■ . We believe the better and majority rule to be that a judgment quieting title in one party is thereafter determinative of the question of adverse possession, as against the adverse claimant, whether or not the defense of the statute of limitations is raised. Most of the jurisdictions which have passed on this question support our position. Barton v. Meeks, 209 Ark. 903, 193 S.W.2d 138; Warfield National Gas Co. v. Ward, 286 Ky. 73, 149 S.W.2d 705; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Busby v. Maus, 294 Ill. 401, 128 N.E. 564; Angel v. Le Moyne, 237 Ky. 366, 35 S.W.2d 540; Green v. Strubbe, 234 Ky. 380, 28 S.W.2d 469; Matthews v. Citizens' Bank of Senath, 329 Mo. 556, 46 S.W.2d 161. In fact many of the jurisdictions holding that a decree in a purely possessory action as to land does not interrupt the continuity of the statute of limitations; have, on the other hand, held that a final decree in an action in which

title is adjudicated is a final disposition on the merits of the question as to whether title has been acquired by adverse possession.

■ We are constrained to follow the majority rule for the following reasons. First, this proposition of law is in accord and consistent with the theory, and underlying reasons of public policy support the doctrine of res judicata. Public policy demands that there be an end to litigation. The common good of society as a whole and of the litigants in particular, requires that there be an end to strife for the purpose of producing certainty as to individual rights and to promote dignity and respect for judicial proceedings. 30 Am.Jur. 910, Judgments, section 165.

■■ Second, a decree by a court of competent jurisdiction that one party has title, is of necessity an adjudication that the other party had no claim at all to title. Reynolds v. Schmidt, 10 Cir., 40 F.2d 238; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217. This is all the more easily seen where the one party has pleaded adverse possession in contradiction to the other's record title, as appellant herein did in the New York Life case supra. This also holds true where the party presently claiming title by adverse possession failed to plead it in a prior action adjudicating title to the same land between the same parties or their privies, for the additional reason that hostility of possession being an essential and fundamental prerequisite to establishing title by adverse possession, the failure to plead it is indicative of the lack of intent on the part of the adverse claimant to hold with hostility at the time of the original action.

■ A decree quieting title to certain land, is, therefore, res judicata of all issues applicable to title. We therefore hold that the trial court was correct in not allowing appellant to introduce evidence of his alleged adverse possession prior to our mandate in the New York Life case.

■ The appellant also complains that the trial court erred in awarding damages to the appellees. The damages awarded consisted of $50 actual and $250 exemplary damages. The appellees having pleaded and proved their damages, it is elementary that they may recover from one who damages their property without right. The amount of actual damages is consistent with the evidence. The amount of exemplary damages is moderate rather than excessive.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.