## Perry v. Eagle Coal Company.

(Decided June 16, 1916.)

### Appeal from Pulaski Circuit Court.

1. Judgment—Conclusiveness.—A judgment of a court of competent jurisdiction is a final settlement of all questions which were determined in the suit in which the judgment was rendered, so far as relates to the parties and their privies.

2. Judgment—Recovery of Land—Adverse Possession—Estoppel.—A judgment for the recovery of lands, to which the party in possession claims title by adverse possession, breaks the continuity of possession, although the judgment is not put into effect by a writ of possession and the party is permitted to continue in the possession, as the party in possession is estopped to claim the title to the lands until the statutory period necessary to ripen a possession into title has passed, after the judgment.

3. Adverse Possession—Champerty and Maintenance—Estoppel.— The adverse possession of one, who is estopped to claim the title or the right of possession, does not render a conveyance by the owner of the lands void, under the statute which denounces champerty.

4. Appeal and Error—When Too Late to Complain of Judgment.— When a suit is prosecuted at equity, which should have been prosecuted at law, and the parties make no objection to it, it is too late after judgment is rendered to complain on that account.

5. Appeal and Error—Judgment Treated as Verdict of Jury.—When a legal action is prosecuted as an equitable action, without objection, the court will determine the matters in controversy according to

the right of the parties, and the decision of the judge upon matters of fact will be treated on appeal as the verdict of a properly instructed jury.

6. Appeal and Error—Finality of Judgment.—Where, in an action, both legal and equitable relief is sought, and it is permitted to continue to a final judgment, without objection, neither party will be heard to complain that the court decreed all the relief, both legal and equitable, to which the parties were entitled.

VIRGIL P. SMITH for appellant.

O. K. WADDLE & SONS for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

On the 27th day of July, 1906, the appellee instituted this suit against appellant in the Pulaski circuit court. The petition averred that the appellee was the owner of a large tract of land, which was described by metes and bounds; that it became the owner of it by a regular chain of title from the Commonwealth of Kentucky; that the Barren Fork Mining & Coal Co. was its vendor; that while the last named company was the owner of the tract of land, it instituted a suit against the appellant, in which it alleged that the appellant had entered upon the tract of land and unlawfully taken possession and claimed to own one hundred acres of the land, which was described by metes and bounds, and sought in the suit to recover the possession of the one hundred acres of land, and that its title to the land as against appellant and others, who were claiming other portions of it, be quieted; that on the 26th day of April, 1892, the appellant filed an answer, in which the ownership of the land by the Barren Fork Mining & Coal Co. was denied, and alleged that he and those under whom he claimed had had the adverse possession of it for the period of more than fifteen years before the commencement of the action; that a reply was filed to the answer, and the issue formed as to the ownership of the land and the right of the Barren Fork Mining & Coal Co. to recover it; that the cause was submitted for trial at the March term of the court, in the year 1894, and the court adjudged that the Barren Fork Mining & Coal Co. recover the land of appellant, except to the extent that the appellant had any enclosure of the lands on the 27th day of January, 1881, and resided thereon, and to the extent of such enclosure, it was adjudged that appellant was entitled to hold same against

the Mining & Coal Co.; that for the purpose of ascertaining the portion of the lands to which appellant was entitled by reason of the enclosure and occupancy of same on the date above mentioned, a commissioner of the court was directed to make a survey of the lands to which appellant was entitled under the judgment of the court; that the commissioner made a report, whereupon it was adjudged that the appellant had enclosed, occupied and was the owner of fifty acres of the land, which is described by metes and bounds; that the petition, exhibits and judgments in the suit are referred to and made a part of the petition in this action; that the judgments are relied upon as a bar to any claim of ownership by appellant of any part of the entire tract of land; that since the rendition of the judgment mentioned, the appellee has become the owner of the entire tract of land, including the part recovered from the appellant, by a regular chain of title from the Barren Fork Mining & Coal Co.; that it is the owner of same; that it is in possession of a large portion of the tract and is entitled to the possession of all of it; that about three years before the institution of this suit, and without its knowledge and consent and while appellant was still residing upon the fifty acres of land, which was adjudged to be his, he fenced up and has continued to extend his fencing and to enclose and take into his possession the lands without and adjoining the fifty acres, and that he is now in the possession of and claiming to own about fifty acres of the land, which is in said tract, but without the fifty acres of which he was adjudged to be the owner; that the part fenced by him includes a part of what was adjudged to be recovered from him in the action of the Barren Fork Mining & Coal Co. against him, and, also, included some of the adjoining land of appellee within its boundary heretofore set out in the petition; that appellant is wrongfully and unlawfully claiming to be the owner of the land so enclosed by him and refuses to deliver the possession. The prayer of the petition was to recover of appellant all that portion of the land without the fifty acres allotted to him in the judgment mentioned, and that he be compelled to surrender possession of it, and that its title to it be quieted, and that he be enjoined from claiming or occupying any part of the land, and from extending his fences or taking into his possession or using any portion of the land, and for all general relief.

Before answering, the appellant filed a written motion to require the appellee to elect whether it would prosecute its action for a recovery of the land, to quiet its title, or to enjoin appellant from claiming or occupying it. This motion, it seems, was never passed upon at any time by the court and is therefore deemed to have been waived. Thereafter, appellant filed his answer, consisting of five paragraphs. The first paragraph put in issue the ownership of the tract of land set out and described in the petition, and denied that the Barren Fork Mining & Coal Co. was the owner of it on the 15th day of February, 1890. He further denied, that since the rendition of the judgment mentioned that he has taken possession of any more of the tract that he claimed or any of the land or that he has taken possession of any that was adjudged to the plaintiff in the action. By the second paragraph he alleged that at the time of the filing of the action mentioned in the petition against him and for more than fifteen years prior thereto and ever since said time he has been in the actual, peaceable and uninterrupted possession of the tract of land, which he claimed, used and held adversely, to a well defined and marked boundary. He then describes the boundary now claimed by him and it appears to be exactly the same one which he was alleged to be in possession of and claiming in the suit of the Barren Fork Mining & Coal Co. against him. He, also, plead title to that tract of land by adverse possession for fifteen years previous to the filing of this action. By the third paragraph, he alleged that the title of the appellee was champertous and void. By the fourth paragraph, he alleged that the appellee's vendor had abandoned its judgment, and that by lapse of time it was of no effect; that the judgment was never executed, and his possession of the land was never broken by virtue of the judgment or any process on it. By the fifth paragraph, he alleged that the appellee's claim to the tract of land claimed by him was putting a cloud upon his title, which he asked to have quieted and the cloud removed. By the prayer of his answer, he sought the quieting of his title to the tract of land and that he be adjudged to be the owner of it as against the appellee, and for all proper relief.

Thereafter appellant filed an amended answer, in which he set out a boundary of land which he claimed, and alleged that it included the boundary described in his original answer as being claimed by him. The appel-

lee demurred to the answer as amended and the court sustained the demurrer to the second, third, fourth and fifth paragraphs of the answer and overruled the demurrer as to the first paragraph.

Proof was taken by the appellee, but none by the appellant. The cause was submitted upon the pleadings and proof, and the court adjudged that the appellee was the owner and entitled to the possession of all of the land described in its petition, except the fifty acres of which the appellant was adjudged to be the owner, in the suit of the Barren Fork Mining & Coal Co. against him; that the appellee should recover all of the tract of land described in its petition, except the fifty acres owned by the appellant, and that its title to it be quieted, and that the appellant should be perpetually enjoined from claiming or occupying or taking into his possession or using any portion of the land, except the fifty acres owned by him, to all of which the appellant excepted and has appealed to this court.

The appellant insists that the court was in error in sustaining the demurrer to the second, third, fourth, and fifth paragraphs of his answer as amended. It is gathered from all of the paragraphs of the answer, that the appellant was in possession of the lands, which he now claims and which lie outside of the fifty acres adjudged to him in the suit of the Barren Fork Mining & Coal Co. against him, at the time that suit was instituted and at the time the judgment was rendered in that case and ever since that time, and for a period, in all, extending back for more than fifteen years before the institution of this suit; that no writ of possession was ever issued against him upon the judgment in that suit, and that since that time he has taken into his possession an additional portion of the boundary claimed by appellee in its petition, in addition to the land that was recovered of him in the suit of the Barren Fork Mining & Coal Co. against him. It is alleged in the petition and is not denied by the appellant, that the Barren Fork Mining & Coal Co. alleged in its petition when it sued him, that it was the owner of all of the tract of land and that appellant was claiming to be the owner of one hundred acres of it, and that the result of that suit was a judgment to the effect, that appellant should hold all of the land which he had enclosed and was residing upon, on the 27th day of January, 1881, and that the judgment of the court was for the recovery

against him of all of the remainder of the tract of land outside of that portion, of which he was adjudged to be the owner by reason of his enclosure and occupancy of it. In other words, that his adverse holding of fifty acres of it was all that he then had an adverse possession of. Hence, when appellant, in his answer, alleges title to the portion of land that was recovered of him and other lands adjoining, he fails to take into account the effect of the judgment in the suit of the Barren Fork Mining & Coal Co. against him.

It is a well established rule that the judgment of the court determines all the questions in issue in the case, and all of the questions which should have been determined therein. The averments of the petition in this case, to the effect, that in the suit of the Barren Fork Mining & Coal Co. against appellant, that it was therein alleged, that plaintiff, in that suit, owned all of the tract of land, which is described in the petition, and that appellant was only claiming one hundred acres of it, and that the judgment was to the effect, that he was entitled to all of the land of which he had title by adverse possession, the appellant was called upon to then set up an alleged title to any other part of the tract adjoining, other than the one hundred acres, if he had any claim or title thereto, and having failed to do so in that action in the face of the allegation that the plaintiff was the owner of all of it, it seems that he was concluded by the judgment in that case as to the ownership of any part of the tract of land set up and described and claimed by the plaintiff except the fifty acres adjudged to be his. The statute of limitations gives title, only, to those who hold adverse possession of land, claiming same as their own, undisturbed, continuously and peaceably, for as many as fifteen years, and it could not possibly be said that a holding has been undisturbed when a suit has been instituted against a party for the possession of the tract of land and when there has been an issue made as to the ownership between the plaintiff and defendant, and a judgment rendered to the effect, that the defendant has no title to the property and that the plaintiff is entitled to have him evicted. An action at law is the only way provided for the disturbance of one in possession of a tract of land, which he is holding and claiming. If a judgment of eviction will not stop the running of the statute of limitations, it is hard to see what effect the judgment

would have, since it destroys any basis upon which a claimant could assert title to being the owner of the property. The effect of the adverse possession for the statutory period was anciently rested upon the presumption, that the holder, in the beginning, had a grant for the property. A judgment of a court of competent jurisdiction, which directly determines the question between one in possession and a claimant, to the effect that the possessor has no title, but is wrongfully withholding the property, certainly destroys any presumption of title, in him, by reason of adverse possession for the statutory period. Hence, whatever may have been the nature of the possession, which appellant had of the lands he now claims, previous to the time of the judgment plead in the petition, the judgment concluded his right to ownership or possession of the land, and the judgment plead in this case shows, that it was rendered twelve years previous to the institution of this suit, and hence there could not possibly have been time for the statute of limitations to intervene between the judgment and the institution of the action. Hence, the plea of adverse possession could not avail the appellant anything in this action. It is true that a demurrer confesses the truth of the averments of a pleading which, it is applied to test, but it only does so in the light of the entire record. The interposition of a demurrer to an answer brings in review the allegations of the petition. In this case, in order to constitute a good plea of adverse possession, it would be necessary to deny that only twelve years or any less than fifteen years had transpired between the rendition of the judgment in the suit of the Barren Fork Mining & Coal Co. against appellant and the institution of this suit, which denial was not made.

It is elementary that a question, which has been judicially determined in a court of competent jurisdiction, is conclusively settled, so far as it relates to the parties to the suit or any persons in privity with them, and it is an estoppel to litigating again in a future action, such question between the parties or their privies in any court. It may be said as true, that the possession, which is necessary to make a deed of conveyance, to a tract of land, void under the statute against champerty, has the same elements as an adverse possession, which is necessary to create title under the statute of limitations, but a possession sufficient under the statute of limitations is, in many

instances, not a sufficient adverse possession to make void a conveyance of land under the statute against champerty. If a party is in possession of land, although his holding may be adverse, but if he is estopped to deny the title of the actual owner, it is not such an adverse holding as will affect the deed of conveyance made by the real owner of the land. Bailey v. Deakins, 5 B. M. 161; Castleman v. Combs, etc., 7 T. B. M. 273; Griffith v. Dicken, 4 Dana 561; Barrett v. Coburn, 3 Met. 510. When the judgment was rendered in the case of Barren Fork Mining & Coal Co. against the appellant, it became his duty to respect the judgment and to withdraw his possession and claim from any of the lands which were adjudged to be the property of his adversary and not to be owned by him, and he was estopped by the judgment to deny the title or right of possession of the lands to be in his adversary or any of its privies. In the language of Barrett v. Combs, *supra,* "they are estopped from denying his title and forbidden to hold adversely not by their relation to him as tenants in common, but by the adjudication settling their rights and by the manner in which they acquired possession under that judgment. Hence, although Howe's heirs held adversely, yet, as they were forbidden to do so by the consideration mentioned and were estopped from questioning the title of Brumfield's heirs, our conclusion, in accordance with the authorities cited, is that the possession was not such as to render the conveyances to Coburn, void, under the statute against champerty and maintenance." A possession adverse will not render a conveyance void where the person in possession is estopped to deny the title of the vendor.

In the old case of Jones v. Childs, 2 Dana 34, it was expressly held, that the possession of one against whom a judgment in ejectment had been rendered for the possession of his holding, but which judgment had not been executed by the issual of a writ of possession and its execution, did not render void a conveyance of the lands by the owner, who had recovered the judgment authorizing him to evict the one in possession. Hence, the third paragraph of the answer, which relied upon the statute of champerty as a defense, was not sufficient in the light of the undenied allegations of the petition, that the privies of appellee had recovered a judgment against appellant for the lands in controversy, and the same rule, it seems, would estop the appellant from claiming or asserting title

to the lands by reason of an adverse possession, until at least fifteen years had expired, since the rendition of the judgment, in which he was adjudged to be wrong-fully in the possession and that the title and right of possession was in another. It was held in Bailey v. Deakins, *supra*, that because a tenant can not question the title of his landlord or deny his right of entry, that although he might be in the adverse possession of the land upon which he entered as a tenant, his possession was not of a character that would cause a conveyance of his landlord of the land to be champertous, until after he had held fifteen years' adverse possession.

The fourth paragraph of the answer, which alleges that the appellee's vendor had abandoned its judgment and that by lapse of time it had become ineffective does not state any fact which would indicate an abandonment and it at best is a mere conclusion, which, coupled with the allegation of the staleness of the judgment, seems to be a reliance upon the fact that twelve years had expired without the issual of any writ of possession upon the judgment, and it was therefore stale and ineffective and had been abandoned. Under the statute, however, fifteen years must expire before the judgment becomes stale on account of lapse of time. Hence, there was error in sustaining the demurrer to the answer.

It is true that a suit in equity to quiet title to lands can not be maintained unless the party who instituted it has possession of the lands, as well as the legal title to them. Kincaid v. McGowan, 88 Ky. 91; Campbell v. Dorsey, 93 Ky. 41; Campbell v. Campbell, 23 R. 869; Sheffield v. Day, 28 R. 754. It is impossible to see how the appellant could be prejudiced by the portion of the judgment which quiets the title of appellee to the land in controversy, since the judgment upon the prayer of the petition seeking recovery of the land adjudges that the appellee is the owner of it and entitled to its possession and permits a writ of possession for its recovery in behalf of appellee. It is simply adjudging that appellee is the owner of the land in another set of words than the ones theretofore used.

The petition seeking a recovery of the lands, properly, ought to have been brought at law upon the ordinary side of the docket, and under section 10, of the Civil Code, if the appellant had any objection to its proceeding

as an equitable action, he could have by motion had it transferred to the ordinary side of the docket, but where both parties allow an action, which is cognizant properly, at law, to proceed as an equitable action, it is too late, after judgment to complain of it and the judgment of the court on the facts will be treated as the verdict of a properly instructed jury. Louisville, S. T. & F. Ry. Co. v. Taylor, 96 Ky. 241; Fraley v. Peters, 12 Bush 469.

The fact that the court, also, in its judgment enjoined the appellant from using or taking into his possession any more of appellee's lands was a matter of which a court of equity had cognizance, and we see no reason for complaining of that portion of the judgment as no objection was made to the prosecution of the action, which sought both legal and equitable relief, as an equitable action, to its conclusion. The facts proven in evidence support the averments of the petition, and the proof of the adverse possession by the appellant of any part of the land recovered from him does not show a possession for such length of time as to establish title in him.

The judgment is therefore affirmed.