## Cohen v. City of Henderson.

(Decided May 6, 1924.)

## Appeal from Henderson Circuit Court.

1. Judgment—Judgment of Eviction Against Tenant Operated Against Subtenant.—Judgment of eviction against tenant in forcible detainer proceedings operated against subtenant in possession.

2. Landlord and Tenant—Tenant of Assignee of Lease May be Dispossessed Under Writ of Restitution in Suit Against Assignee.— "Tenant at Will or by Sufferance."—Tenant of assignee of 99-year lease was a "tenant at will or by sufferance," under Civil Code of Practice, section 452, subsection 3, and at expiration of lease writ of restitution, granted lessor in forcible detainer suit against assignee of lease, authorized officer to dispossess him.

3. Landlord and Tenant—Subtenant Held as Entering Under Landlord, and Subject to all Remedies Against First Tenant.—Subtenant must be held as entering under landlord and as subject to all remedies existing against first tenant.

YEAMAN & YEAMAN for appellant.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

In the year 1816 the city of Henderson was the owner and in the possession of a plot of land on the bank of the Ohio river, which it then leased and let to the late John J. Audubon, an ornithologist, for ninety-nine years. After occupying the premises for some time Audubon assigned and transferred his lease and it later came into the possession of Georgiana L. Clark and other members of the Clark family, who only a few years before the commencement of this litigation sublet the premises to appellant Cohen and his associates, to be used by them as a storage place for junk in which they dealt. Cohen was paying rent to the Clarks for the use of the lot, but when the ninety-nine year lease expired in 1915 the city demanded possession, which the Clarks disputed its right to and declined to surrender such possession to the city, whereupon the city instituted forcible detainer proceedings and tried it out in both the county and circuit courts and was adjudged entitled to the possession of the lot and a writ of restitution was issued. From this judgment the Clarks prayed an appeal to this court, but so far as this record shows they have not prosecuted it.

Appellant Cohen then ceased to pay rents to the Clarks and refused to·pay rents to the city or to acknowledge the city as his landlord. The city then instituted forcible detainer proceedings against Cohen before the county judge, where it was tried and decided in favor of the city. From this court ·Cohen appealed to the circuit court, where he was again found guilty. From that judgment he prayed an appeal to this court.

After the city had been adjudged entitled to the possession of the premises as against the Clarks, the city demanded possession of Cohen, and later the mayor wrote the following letter to him:

"City of Henderson, Kentucky,

May 2nd, 1922.

"Mr. A. L. Cohen, City:

"Dear Sir: You are hereby notified to remove the junk owned by you, and stood on the Clark Tobacco Factory lot, and the Audubon Factory site, in the city of Henderson, thirty days from this date.

"Yours truly,
"CLAY HALL, Mayor,
FRANK S. HAAG, Com'r Public
Finance and Safety,
JOHN A. CUNNINGHAM, Com'r
Public Works and Property."

To the foregoing letter Cohen replied:

"Henderson, Ky., June 23, 1924.

"Clay F. Hall, Mayor, City.

"Sir: Replying to yours of 21st inst., will state that we are doing our best to place scrap iron stored on city lot and hope within a few days we will be able to start on same. Appreciating your indulgence and assuring you we are doing our utmost, I am,

"Yours truly,
"A. L. COHEN."

It will be observed from Cohen's letter he acknowledged the city as the owner of the property and begged indulgence until he could remove his junk from the lot and in effect promised the city to move at once. The city granted him reasonable time in which to remove his property from the lot before instituting forcible de-

tainer proceedings, but when he failed to keep his promise
to remove the junk from the lot the city brought forcible
detainer proceedings against him with the results stated.

The city was the owner of the lot. It had leased it
to Audubon for ninety-nine years, beginning in 1816 and
ending in 1915.

The Clarks became tenants of the city by assignment
of the original lease to Audubon; as tenants of the city the
Clarks sublet the lot to Cohen and his associate for junk
purposes and Cohen paid the rent to the Clarks for sev-
eral years. He was therefore a subtenant of the city of
Henderson. The judgment of eviction as against the
Clarks, his principals, operated against him.

Appellant insists in this case, as did the appellant in
the case of Haase v. Schickmer, 92 S. W. 949, that the
facts are not such as to warrant a forcible detainer
against him because the relation of landlord and ten-
ant at no time existed between him and the city. This
ground is baseless. A forcible detainer lies against a
tenant who refuses to give possession to his landlord after
the expiration of his term or against a "tenant at will
or by sufferance" who has refused on demand to give
possession to the one who is entitled to possession. Civil
Code, subsection 3 or section 452.

Cohen was the subtenant or under lessee of the
Clarks and comes within the definition of a "tenant at
will or by sufferance." He was holding under the Clarks,
but the Clarks had no right to possession and it was so
adjudged. When his landlord was evicted he too lost
right to possession. A writ of restitution authorized the
officer to dispossess the defendant and his privies, that is,
all who entered under him as his subtenants. 26 C. J.
871.

As held in Brubaker v. Poage, 1 T. B. Mon., 123, a
subtenant must be held as entering, though not immedi-
ately, under the landlord, and as subject to all the rem-
edies existing against the first tenant; otherwise, a death
or a sale would defeat the remedy given, which could not
have been intended by the legislature. In Clinton v.
Clinton, 2 Bibb 433, the court held that "the possession
of a tenant is always deemed the possession of him under
whom he holds, and to prevent fraud it is an established
principle that the possession must be held according to
the title under which it was obtained." In Harrison v.
Marshall, 4 Bibb 524, it appeared that Harrison obtained
possession of the premises from Miss McArthur who en-

tered as tenant of Marshall, and the court said: "As Harrison is estopped, therefore, from disputing the right of Marshall, it follows that by holding over the possession against Marshall's will, he has ·in legal estimation forcibly detained the possession, and therefore subjected himself to an expulsion from the premises by a warrant of forcible detainer."

For the reasons indicated the judgment is affirmed. Judgment affirmed.