## Clark v. City of Henderson.

(Decided December 2, 1924.)

### Appeal from Henderson Circuit Court.

Adverse Possession—Possession Obtained by Consent Judgment Held Not Adverse.—Consent judgment in suit by city against claimant's predecessors, which provided that defendants therein should hold possession of land until 1915, when all title and rights should pass to city, held to include land in controversy in present action, and therefore possession was not adverse as against city until 1915.

JOHN C. WORSHAM for appellant.

B. S. MORRIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This is a controversy over a strip of ground in the city of Henderson in the shape of a carpenter's square, as shown in the following plot by the lines A, E, F, F. G. C and B:

The town of Henderson was laid off in 1797. Water street, one of the streets of the town running along the Ohio river, was laid, out 200 feet wide. In 1811 the town was incorporated by an act of the legislature. On March 16, 1816, the town leased to John J. Audubon, etc., for 99 years a lot fronting on Water street, 220 feet wide, beginning at the corner of Second street and running down to the river. In 1827, by an act of the legislature, Water street was reduced to 125 feet in width, the 75 feet cut off being next to the river. In 1854 the city of Henderson instituted an action in the Henderson circuit court against Robert Clark & Company and others, who were in possession of the land covered by the Audubon lease and holding under it. At that time Clark & Company were in possession of the lot 77.7 feet wide lying west of the Audubon lot. They were also in possession of the lot 75 feet wide lying south of the Audubon lot and cut off from Water street. The petition of the city in that case contained, among other things, the following allegations:

"Plaintiff further states that in the laying off and establishing said town, said Richard Henderson & Company, the owners in fee of the soil dedicated, established and set apart to the public use, certain portions of the ground embraced in the limits of said town, as streets and highways, and among the streets and highways so established, dedicated and set apart is one immediately on the bank of the Ohio river known and designated in said ordinance and report and on said plat as Water street. This street or highway commences at the upper end of said town and runs with the river to the lower end thereof, and embraces all the land lying between the lots fronting the river and the said river extending to low water mark. That said street, highway or territory has been used and enjoyed by the public and the citizens of said town as a street and public highway and common and landing from the time of said town's establishment hitherto. But now plaintiff states that the defendants above named have unlawfully and without right taken possession in severalty as their individual property of divers and large portions of said ground, street or territory, and have gone on to enclose and build on portions of the same, and do now and have for twelve months or more last past, unlawfully and without right held possession

of the same, withheld the same from this plaintiff, and have and do refuse to surrender and give up the same, and have and do by their said possession and occupancy, obstruct and prevent the uses to which it was dedicated."

The land in controversy is in part land originally lying within Water street and the rest of it lies between Water street and the river. It was then in possession of Robert Clark & Company, under whom appellants claimed. The defendants, in that action, filed answer, and on July 23, 1858, the following agreed judgment was entered:

"By consent of the plaintiff and of the defendants Robert Clark & Co. and John B. Burk, it is adjudged by the court herein, that the said defendants, Robert Clark & Co. and John B. Burk, are entitled to the use, possession and enjoyment of the ground and premises respectively occupied by them which lies between First and Second cross-streets above the public square and between Water street and the river for and during the period yet unexpired, mentioned in the lease to Audubon and Blakewell, that is to say, until the 15th day of March A. D. 1915, fully to be completed and ended, and that the plaintiff is entitled to the reversion and ownership of said property at the end of said period, to-wit, on the 15th day of March, 1915. Wherefore it is further (by consent aforesaid) considered and adjudged, that the said defendants, Clark & Co. and John B. Burk, their heirs and assigns, be permitted to hold and enjoy the possession, use and occupation of said premises respectively until said time, paying to said plaintiff in lieu of rent, the annual tax assessed thereon during said period, as other similar property in said city is by law assessed, and at the end of said time the said defendants, Robert Clark & Co. and John B. Burk, their respective representatives, heirs or assigns are to surrender up to said plaintiff or her legal successor the grounds and premses above described with all appurtenances free and clear from any claim or demand for improvements or ameliorations."

It is insisted for appellants that the plaintiffs also set out in their petition the Audubon lease and that the

judgment should be confined to the property held by Clark & Co. under the Audubon lease. But this would be to refuse to give the words of the judgment their natural effect. When Water street was reduced to 125 feet the use of the 75 feet lying between the reduced street and the Audubon lot, on which a sawmill had been erected, was essential to the enjoyment of that property, for it afforded access to Water street and was in fact used by the occupants of that lot after the street was reduced. The old warehouse stood on the 77-foot lot. The purpose of the judgment was clearly to settle the title of the city. It was entered by consent. The land then held by Clark & Co. was necessary to the enjoyment of the Audubon lease. No title to it from the city is shown and so, as must be presumed after so many years, it was agreed between the city and Clark & Co. that they might hold the whole of the land they had in possession until the end of the Audubon lease. The judgment naturally means that Clark & Co. at the end of the 99 years should deliver possession to the city of all the land they then held in possession lying between Water street and the river and as they held under the judgment their possession was not adverse to the city until the end of 99 years. Cohen v. Henderson, 203 Ky. 32.

In 15 R. C. L. 643, the rule as to consent judgments is thus stated:

"Courts have the general power of entering judgment by consent of the parties, and a judgment may properly be entered by a court for the purpose of carrying out a settlement and a compromise of a suit. When made by consent, it is presumed to be made in view of the existing facts, and that these were within the knowledge of the parties. Provisions outside of the issues may be sustained and enforced, if the decree containing the same was entered by consent of all the parties, and provided they have reference to the subject matter of the litigation, and fall within the general scope of the case made by the pleadings."

All the provisions of the judgment fall within the general scope of the case made by the pleadings. To construe the judgment as applicable only to the lot covered by the Audubon lease would be to ignore the general scope of the case made by the pleadings and to give no

effect to these words in the judgment: "The ground and premises respectively occupied by them which lies between First and Second cross-streets above the public square and between Water street and the river."

Judgment affirmed.