## Green et al. v. Strubbe et al.

(Decided March 18, 1930.)

G. W. STEPHENS and STEPHENS & STEELY for appellants.

W. B. MORROW for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellees brought this action on January 27, 1928, against appellant to recover a tract of 100 acres of land,

which was included in an old patent for a large boundary under which they claimed. Appellant answered setting up title in himself, and alleging fifteen years adverse possession. The case was heard before a jury and at the conclusion of the evidence on both sides, the court peremptorily instructed the jury to find for appellees. The defendant appeals.

In the year 1896, the ancestor of appellees, under whom they claimed, filed an action in equity against William Solomon, praying that his title to the 100 acres now in controversy be quieted, and a recovery of the land. Solomon filed answer in October, 1896, denying the plaintiffs' title, and pleading title in him. The case came on for trial, and a written agreement was filed that the plaintiffs had title to the land from the commonwealth under the patent filed and subsequent deeds. On the hearing of the case there was a judgment for the plaintiffs. An appeal was taken to this court and on April 17, 1901, the judgment of the circuit court was affirmed. See Helton v. Strubbe, 62 S. W. 12, 22 Ky. Law Rep. 1919. Solomon had bought out another who had settled on the land without right in 1872, and in 1886 he had taken out a patent for the 100 acres in controversy and had lived on the land from the time he first settled there; but he had no title of any kind until he got his patent in 1886, which was about ten years before the suit was brought. He was an old man, and Strubbe did not dispossess him under the judgment after it was affirmed by the Court of Appeals, and he remained in the log house which he had built until he died about the year 1906. His widow remained in that house several years, and then, as the house was getting in bad condition, moved across the road to another house. She lived until 1916. After her death, Mary Vanover, one of the daughters of William Solomon, bought out the other heirs, and she, in 1926, conveyed to Ruben Green the title of William Solomon under his patent obtained in 1886. Green married a daughter of Mary Vanover, and entered under this deed from his mother-in-law. He insists that the statute of limitation began running when William Solomon took possession of the land and got his patent in 1886, and that more than fifteen years having expired before the bringing of this action in 1928, the plaintiffs are barred by limitation. On the other hand, appellees insist that the former judgment affirmed by this court in 1901, is

conclusive upon William Solomon and all claiming under him, and that their possession since that judgment has not been adverse. The circuit court adopted this view and so gave the peremptory instruction.

In Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875, 878, where as here the defendant in the judgment remained in possession of the land, and it was claimed that his possession was adverse to the plaintiff in the judgment, the court said: "The statute of limitations gives title only to those who hold adverse possession of lands, claiming same as their own, undisturbed, continuously, and peaceably for as many as 15 years, and it could not possibly be said that a holding has been undisturbed when a suit has been instituted against a party for the possession of the tract of land, and when there has been an issue made as to the ownership between the plaintiff and defendant, and a judgment rendered to the effect that the defendant has no title to the property, and that the plaintiff is entitled to have him evicted. An action at law is the only way provided for the disturbance of one in his possession of a tract of land, which he is holding and claiming. If a judgment of eviction will not stop the running of the statute of limitations, it is hard to see what effect the judgment would have, since it destroys any basis upon which a claimant could assert title to being the owner of the property. The effect of the adverse possession for the statutory period was anciently rested upon the presumption that the holder, in the beginning, had a grant for the property."

This is only an application of the familiar rule that where the original holding is amicable the possession will be presumed to have continued as it commenced, in the absence of proof to the contrary. Bates v. Adams, 182 Ky. 100, 206 S. W. 163; Hamer v. McCown, 231 Ky. 522, 21 S. W. (2d) 833. After Strubbe recovered the judgment against William Solomon, the possession of Solomon on the facts shown was not adverse to Strubbe. Sears v. Collie, 148 Ky. 444, 146 S. W. 1117; Clark v. Henderson, 205 Ky. 779, 266 S. W. 664; Green v. Hammons, 232 Ky. 59, 22 S. W. (2d) 422. The well-settled rule on the subject is thus stated in 2 C. J. p. 163, sec. 299: "Where a defendant in a suit to quiet title remains in possession or assumes possession after a decree adverse to him and vesting title in another, his possession is presumed to be in subordination to the true owner

and does not become adverse without express notice of his adverse claim brought home to said owner.''

To the same effect, see Bates v. Adams, 182 Ky. 100, 206 S. W. 163; Russell v. Tipton, 193 Ky. 305, 235 S. W. 763, and cases above cited.

A different rule was not laid down in Martin v. Hall, 152 Ky. 677, 153 S. W. 997, L. R. A. 1918A, 1041. There the first action had been dismissed without prejudice, and it was held that this action did not stop the running of the statute. That was the only question before the court. The quotation in the opinion from 1 Cyc. 1018, as to the rule in a common law action of ejectment and the opinions of this court in Smith v. Hornback, 4 Litt. 232, 14 Am. Dec. 122; Pleak v. Chambers, 5 Dana, 60, and Petty v. Malier, 15 B. Mon. 591, all merely state the rule applicable to judgments in such common law actions of ejectment, which was that the plaintiff in such an action could not enforce the judgment after the expiration of his demise. But this rule has no application to an action brought under the Code by the owner to recover the land or to quiet his title. His rights do not rest on a demise which has expired.

Green bought the title of William Solomon from his daughter Mary Vanover, who had bought out his other children. They all stand in his shoes. His holding was not adverse to Strubbe in the absence of notice thereof brought home to Strubbe. There was no evidence of any facts to put Strubbe on notice of an adverse holding until after Green bought about the year 1926, and the circuit court properly, under the evidence, instructed the jury to find for the plaintiffs.

Appellant complains that the judgment of the Mc-Creary circuit court was not filed, but only a copy of the pleadings in the old case and the opinion and mandate of this court; but the whole record was made a part of the pleading and there was no motion that the court require the plaintiffs to file the exhibit made part of his pleading. The plaintiffs assumed that the judgment of this court was the final judgment in the case. The transcript of that record is in the clerk's office of this court and to have recopied it all would simply have added to the cost of the case, and much of it would have been immaterial, as much of it related to other parties and other land than that in controversy here. While the proper practice would have been to file a complete trans-

cript of that record, the failure to do so, was not prejudicial to the substantial rights of appellant, as the case was presented here.

Judgment affirmed.