## Angel et al. v. Le Moyne et al.

(Decided February 10, 1931.)

STEPHENS & STEELY for appellants.

H. C. GILLIS and TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On January 28, 1852, the commonwealth of Kentucky issued to A. S. O'Bannon, Griffin Morgan & Company, a patent covering 8,000 acres of land. The title to this patent afterwards passed to Louisa D. Van Winkle. In 1882 there was issued to Archibald Angel a patent to 200 acres of land lying within, and outside of the exclusions of, the former patent. In 1894 M. J. Huffman and others executed their promissory note to Arch Angel in payment of timber taken from the land claimed by him, Being doubtful as to the title, they brought suit against Angel and Louisa Van Winkle for the purpose of having the title determined. Angel filed an answer and cross-petition against Louisa D. Van Winkle asserting title to the 200-acre tract by adverse possession. Thereupon Louisa D. Van Winkle filed an answer, counterclaim, and cross-petition, against Arch Angel joining issue on the question of title, and pleading that she was the owner of the land. On August 23, 1898, judgment was rendered in favor of Mrs. Van Winkle. On appeal to this court the judgment was affirmed on February 13, 1901. The mandate was issued on March 21, 1901, and filed in the circuit court on May 20, 1901.

On December 28, 1900, Louisa D. Van Winkle conveyed the land in controversy to John V. Le Moyne.

On June 22, 1899, Archibald Angel and wife conveyed a portion of the land in controversy to Caroline King and her children. On August 21, 1902, Caroline King and her husband, Elihu King, conveyed the same tract to Tamephen Stephens and Rachel Stephens. On June 22, 1899, Archibald Angel and wife conveyed a

portion of the land in controversy to Rachel Angel, and another portion to Mary Angel, Jr. On January 21, 1916, Mary (Angel) Lay and her husband, Alvin Lay, conveyed to Martin Stephens and wife.

On May 16, 1914, John V. Le Moyne, Francis J. Le Moyne, and Wm. B. McIlvaine, alleging that they were the owners and in possession of a certain tract of land (which is the same land adjudged to belong to Louisa D. Van Winkle), brought this action against Nimrod Angel, Ambrose Neal, Thomas Stephens, and W. R. Hamblin, to enjoin trespass, and to recover damages for prior trespass. A temporary restraining order was granted, and continued in force until final judgment. The original defendants filed an answer denying the allegations of the petition, and pleading title in themselves. On March 16, 1921, Susan Stephens and Martin Stephens filed an intervening petition asking to be made parties, and asserting title to a portion of the land. On the same day Rachel Stephens filed her intervening petition asking to be made a party, and asserted title to a portion of the land. By agreement of parties the allegations of the intervening petitions were controverted of record. On final hearing judgment was rendered in favor of plaintiffs, and the defendants were perpetually enjoined from trespassing on the land. From that judgment this appeal is prosecuted.

In view of the conclusion of the court, we deem it unnecessary to determine whether appellants, regardless of the effect of the judgment rendered in the action of M. J. Huffman v. Louisa D. Van Winkle, etc., showed such continuous adverse possession of the respective tracts claimed by them as to ripen into title. The adversary parties in that action were Louisa D. Van Winkle, the grantor of appellees, and Archibald Angel, the grantor of appellants, and the judgment therein rendered adjudging title in Louisa D. Van Winkle was binding not only on the parties, but on appellants and appellees who were in privity with them. Continental Realty Co. v. Mowbray & Robinson Co., 187 Ky. 98, 218 S. W. 726; Lashley v. Duvall, 226 Ky. 685, 11 S. W. (2d) 708. After the rendition of that judgment, Archibald Angel and the other appellants, who claimed through him, continued in possession of the land. This action was brought on May 16, 1914, against some of the appellants, and the others subsequently intervened. It is apparent that, unless appellants, who claimed title by adverse posses-

sion, can count in their favor the time between the rendition of the prior judgment on August 23, 1898, and the time the judgment expired by limitation on August 23, 1913, their possession has not continued for the statutory period of 15 years. The trial court decided that that time could not be counted, and this view of the question is challenged by appellants. It is true that at an early day the court was committed to the rule that a judgment in a pure action of ejectment never executed, and under which possession had never been surrendered, did not stop the running of the statute of limitations, Smith v. Hornback, 4 Litt, 232, 14 Am. Dec. 122; Rice's Heirs v. Lowan, 2 Bibb, 149; and the same rule was recognized in the subsequent case of Martin v. Hall, 152 Ky. 677, 153 S. W. 997, L. R. A. 1918A, 1041. But whatever may have been the former rule in actions of ejectment, it was decided in the later case of Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875, that where, in an action involving the title to land, one of the parties claimed title by adverse possession, an adverse judgment though not put into effect by writ of possession breaks the continuity of his possession, and though he thereafter remains in possession of the land he is estopped by the judgment from claiming title to the land so long as the judgment remains in effect. The doctrine there announced cannot be regarded as the result of inadvertence or mistake. Since the case of Perry v. Eagle Coal Co. was decided, the question has been before the court on numerous occasions, and in every instance the rule there announced has been approved and applied, with the result that it is no longer open to question. Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629; Clark v. City of Henderson, 205 Ky. 779, 266 S. W. 664; Green v. Hammons, 232 Ky. 59, 22 S. W. (2d) 422; Green v. Strubbe, 234 Ky. 380, 28 S. W. (2d) 469, 470; Sears v. Collie, 148 Ky. 444, 146 S. W. 1117. In the case of Green v. Strubbe, supra, we said:

"A different question was presented in Martin v. Hall, 152 Ky. 677, 153 S. W. 997, L. R. A. 1918A, 1041. There the first action had been dismissed without prejudice, and it was held that this action did not stop the running of the statute. That was the only question before the court. The quotation in the opinion from 1 Cyc. 1018, as to the rule in a common law action of ejectment and the opin-

ions of this court in Smith v. Hornback, 4 Litt. 232, 14 Am. Dec. 122; Pleak v. Chambers, 5 Dana, 60, and Petty v. Malier, 15 B. Mon. 591, all merely state the rule applicable to judgments in such common law actions of ejectment, which was that the plaintiff in such an action could not enforce the judgment after the expiration of his demise. But this rule has no application to an action brought under the Code by the owner to recover the land or to quiet his title. His rights do not rest on a demise which has expired."

It follows that the trial court's view of the case was correct.

Judgment affirmed.