## Creech et al. v. Jenkins.

Sept. 30, 1938.

J. B. WALL for appellants.

M. C. BEGLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Leslie Circuit Court. Appellants, Joe Creech and Ritter Creech, conveyed the property here involved to the appellee, H. C. Jenkins, on September 12, 1934, by deed

containing a covenant of general warranty. This suit was filed by the appellee in September, 1935, asking for a return of the purchase money and that the deed be canceled on the ground of fraud.

It appears that appellee loaned a thousand dollars to the appellants and took their note secured by a mortgage on a piece of property in Harlan county. The mortgage was foreclosed and at a sale the property lacked seven hundred and fifty dollars of paying the debt. Thereafter, appellants executed the deed here in controversy in satisfaction of the Harlan County judgment. The tract conveyed is in Leslie County "on Lick Fork of Polls Creek of Cutshin of the middle fork of the Kentucky River." It is alleged in the petition that the appellants do not own the tract involved and did not own it at the time of execution of the deed but that they falsely represented to the appellee that they were the owners thereof. It appears that appellants entered upon the tract about the year 1903 and have paid the taxes thereon regularly since that time. However, in 1916, one G. C. Lewis, who claimed the land by virtue of a patent, which appellants assert was junior to theirs, recovered a judgment against them in the Leslie Circuit Court. No writ of possession or other process was ever issued on this judgment and appellants assert that they have continued in the possession of the property without interruption. The 1916 judgment in favor of G. C. Lewis excepted a small enclosure then in the appellants' possession and no question is here made of their title to this enclosure. It is now urged that since no action has ever been taken under the 1916 judgment, and more than fifteen years has elapsed since it was rendered, it is now ineffectual and appellants' title to the entire tract was good at the date of the conveyance to appellee. The tract conveyed in the deed to appellee is not identical in boundary to the land embraced in the 1916 judgment but it is stipulated that it is included within the boundaries of the land described in that judgment. The proof indicates, however, that the seventy-five acres, more or less, conveyed to appellee was outside the enclosure excepted in the 1916 judgment as the property of appellants.

Appellee has never been ousted from the property, indeed, he says he has never been in possession of it, and as a consequence does not here undertake to recover for

a breach of warranty; but, as pointed out above, he asks for the equitable relief of cancellation of the deed and judgment for the consideration paid. The Chancellor was of the opinion that the appellee technically should be relegated to an action at law for his breach of warranty, but was of the opinion, in view of all the circumstances, that the case was one justifying the interposition of equity. He therefore directed the cancellation of the deed and of the release and satisfaction of the Harlan County judgment and directed judgment in favor of the appellee in the sum of seven hundred and fifty dollars in the event appellee could not effectually enforce that judgment. It is argued for appellants that a demurrer should have been sustained to the petition and it is asserted that the 1916 judgment is barred by limitations and should not be considered in this controversy. It is further claimed that since appellants have shown themselves to be solvent, appellee must await eviction from the property and bring an action at law on his warranty.

There can be no serious question on the record before us but that appellants had no title to the tract of seventy-five acres which they undertook to convey to appellee. Accepting, arguendo, their contention that the 1916 judgment is no longer effective, the proof fails to show an adverse holding of the Lewis property outside the enclosure excepted in that judgment. But a stronger reason is presented in the decisions of this court in Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875; and in Angel v. Le Moyne, 237 Ky. 366, 35 S. W. (2d) 540; and the cases there cited. In the latter case we said [page 541]:

> "It is true that at an early day the court was committed to the rule that a judgment in a pure action of ejectment never executed, and under which possession had never been surrendered, did not stop the running of the statute of limitations, Smith v. Hornback, 4 Litt. 232, 14 Am. Dec. 122; Rice's Heirs v. Lowan, 2 Bibb. 149; and the same rule was recognized in the subsequent case of Martin v. Hall, 152 Ky. 677, 153 S. W. 997, L. R. A. 1918A, 1041. But whatever may have been the former rule in actions of ejectment, it was decided in the later case of Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875, that where, in an action involving title

to land, one of the parties claimed title by adverse possession, an adverse judgment though not put into effect by writ of possession breaks the continuity of his possession, and though he thereafter remains in possession of the land he is estopped by the judgment from claiming title to the land so long as the judgment remains in effect."

Appellants argue however that "this case does not affect the appellants' title in this case because the possession was unquestioned for many years before the rendering of the G. C. Lewis judgment and began to run again in October, 1931, at the time said judgment became void and of no effect under the statutes of limitation, and the possession counted from that time or until they sold the property to the appellee in 1934, all of which gave them more than fifteen years of peaceable possession of said land."

If by this argument appellants mean to contend that they acquired title before the 1916 judgment was entered, the short answer is, of course, that that judgment determined to the contrary and the question may not now be relitigated. If, on the other hand, it is sought to add the period from 1931 to 1934 to the period before their previous possession was interrupted by the 1916 judgment, it is elementary that this cannot be done. An adverse possession must be continuous for the statutory period before such possession will ripen into a title in the adverse holder. For example we said in White v. McNabb, 140 Ky. 828, 131 S. W. 1021, 1023: "There may have been different and distinct periods of possession; but, as said before, they cannot be added so as to constitute a bar."

Appellants conceive that the cause of action set out in the petition is based upon a judgment (the 1916 judgment) and that the petition is demurrable because it does not allege that the judgment "is now in full force and effect." Aside from the fact that appellants did not insist upon a ruling upon their demurrer in the circuit court, it may be pointed out that the judgment was not the basis of the action but was merely evidence of the lack of title in appellants. We see no basis for concluding that the petition was demurrable even if the question were an open one.

That the 1916 judgment was rendered more than fifteen years ago and no writ of possession or other

process has been issued thereon does not alter its efficacy as an evidence of title. Perry v. Eagle Coal Co., supra. That judgment settled once and for all the question of title between appellants and G. C. Lewis as it stood in 1916. It remained conclusive between them in the absence of some change in conditions and the mere fact that a writ of possession will no longer issue upon it, or, indeed, that an action cannot now be based upon it does not alter its force as evidence of the facts which it determined.

In the final analysis the one serious question to be determined is whether the case presented is one in which equity may properly grant a rescission or cancellation of the deed, or whether appellee must bring an action at law to recover upon the warranty of title in his deed. The rule is well settled that a vendee *in possession* under a general warranty deed is relegated to his action at law for any breach of warranty and may not have the equitable relief of cancellation in the absence of extraordinary circumstances, such as the non-residence or insolvency of his vendor, because of a mere threat to his title or possession. In the case at bar, however, it appears that appellee is not in possession of the property and appellants are without right to put him in possession. Appellee would be forced to commit a trespass with full knowledge of the facts in order to procure possession. It is idle in such a situation to assume that equity could not or would not grant effective relief. In Laevison v. Baird, 91 Ky. 204, 15 S. W. 252, 12 Ky. Law Rep. 786, the vendor was able to put the vendee in possession of a part of the premises but not of a material portion thereof and it was held that this was sufficient to entitle the vendee to rescission. In the case at bar the vendors are unable lawfully to put the vendee in possession of any part of the premises. Clearly the situation thus presented is one justifying a cancellation of the deed in question and a restoration of the status quo.

Complaint is made of the form of the judgment appealed from. It is urged that its effect is to give appellee two judgments, one in Harlan county and one in Leslie county, for the same, seven hundred and fifty dollar debt. We do not so construe the decision. The chancellor recognized that it would be necessary to proceed in the Harlan Circuit Court to reopen the case there and set aside the release and satisfaction of that

168

judgment. In order to protect appellee in his undoubted rights he provided for further proceedings in the Leslie Circuit Court in the event that appellee was unable to reopen the Harlan county case. This strikes us as being entirely unobjectionable and indeed to be the proper method for disposing of the controversy.

Judgment affirmed.